```
1  MICHAEL T. LUCEY (SBN: 99927)
   MICHAEL A. LAURENSON (SBN: 190023)
2  GORDON & REES LLP
   Embarcadero Center West
3  275 Battery Street, Suite 2000
   San Francisco, CA 94111
4  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
5
   Attorneys for Defendant
6  THE REGENTS OF THE UNIVERSITY OF
   CALIFORNIA
7
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DANA LEMANSKI, | CASE NO. C08-00548 EMC |
|---|---|
| Plaintiff, | **DEFENDANT THE REGENTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS (FRCP 12(b)(6))** |
| vs. | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al. | Accompanying Documents: NOTICE OF MOTION; DECLARATION OF MICHAEL A. LAURENSON; PROPOSED ORDER |
| Defendants. | |

Date: March 26, 2008
Time: 10:30 a.m.
Courtroom: C, 15th Floor
Judge: Magistrate Edward M. Chen

## I. INTRODUCTION

Plaintiff Dana Lemanski brings this personal injury lawsuit alleging that he was exposed to toxic substances while working as a facility engineer at Los Alamos National Laboratory (LANL) in New Mexico. Plaintiff's only claim against defendant The Regents of the University of California ("The Regents"), which operated LANL at the time of plaintiff's alleged exposure pursuant to a contract with the United States government, is for violation of California Government Code Section 835, dangerous condition of public property. That claim may not be maintained against The Regents under these circumstances for several reasons.

First, any claim that plaintiff may have against The Regents related to his alleged exposure to toxic substances while working at LANL is completely preempted by the Energy Employees Occupational Illness Compensation Program Act ("EEOICPA" or "the Act"), 42 U.S.C. § 7384 *et seq.*, which provides the exclusive remedy for such claims. Second, even if his claim was not preempted, Government Code Section 835 does not apply to The Regents' extraterritorial activities at LANL in New Mexico. Finally, even if plaintiff's claim was legally permissible, he has not pled sufficient facts to state a claim for dangerous condition of public property.

## II.   RELEVANT FACTUAL ALLEGATIONS

Plaintiff worked as a facility engineer at LANL in New Mexico. First Amended Complaint ("FAC"), ¶¶ 7, 8. LANL was "operated and maintained" by defendants. *Id.* at ¶ 7. Plaintiff was employed by Holmes & Narver, which contracted with defendants to provide services. *Id.* at ¶ 8.

As part of his duties, plaintiff was required to work in facilities where there had been mercury spills. *Id.* at ¶ 9. As a result, plaintiff "was exposed to significant amounts of mercury, which caused plaintiff to suffer permanent personal injuries … . *Id.* at ¶ 10.

With regard to The Regents' operation of LANL, plaintiff alleges only the following conclusory statement: "Defendants, and each of them, so negligently, knowingly, recklessly or otherwise tortuously [*sic*] owned, leased, maintained, controlled, managed, and/or operated the aforementioned premises in such a dangerous condition so as to cause plaintiff to, among other things, become exposed to toxic levels of mercury … ." *Id.* at ¶ 49.

## III.   LEGAL ARGUMENT

### A.   Plaintiff's Claims Are Completely Preempted by the EEOICPA

"Where a relevant federal statute contains a preemption clause, the courts should attempt to ascertain Congress' intent regarding the scope of preemptive effect from the express language of that clause." *Churchill Village, LLC v. General Electric Co.*, 169 F.Supp.2d 1119, 1127 (N.D.Cal.2000). Here, the EEOICPA contains a preemption clause which provides the exclusive

remedy for claims of toxic exposure by contractor employees at a Department of Energy facility like those asserted here.

Congress enacted the EEOICPA in 2000 for the purpose of providing "timely, uniform, and adequate compensation of covered employees and, where applicable, survivors of such employees, suffering from illnesses incurred by such employees in the performance of duty for the Department of Energy and certain of its contractors and subcontractors." 42 U.S.C. § 7384d(b). Subtitle B of the Act provides compensation and benefits to individuals who are defined as covered beryllium employees, covered employees with a specified cancer, and covered employees with chronic silicosis. *See* 42 U.S.C. § 73841(1). Subtitle E of the Act covers a broader group of individuals and provides compensation and medical benefits to "covered DOE contractor employees" who are determined to have suffered a "covered illness" as a result of an exposure to a toxic substance at a DOE Facility. *See* 42 U.S.C. § 7385s(1)&(2).

Subtitle E of the Act defines a "covered DOE contractor employee" as "any Department of Energy contractor employee determined … to have contracted a covered illness through exposure at a Department of Energy facility." 42 U.S.C. § 7385s(l). The Act defines a "covered illness" as "an illness or death resulting from exposure to a toxic substance." 42 U.S.C. § 7385s(2). DOE, through its rule making authority, has categorized Los Alamos National Laboratory (LANL) as a DOE facility for purposes of the Act. *See Energy Employees Occupational Illness Compensation Program Act of 2000; Revision to List of Covered Facilities*, 69 Fed. Reg. 51825 (August 23, 2004) (Notice). The Department of Labor, through its rule making authority has, for the purposes of the Act, defined the term "toxic substance" as "any material that has the potential to cause illness or death because of its radioactive, chemical, or biological nature." 10 C.F.R. § 852.2.

The Act contains an exclusive remedy provision for covered injuries. Subtitle C (cancer and beryllium illnesses) provides that the liability provided for under the Act "is exclusive and instead of all other liability" for claims by covered employees against "a contractor that contracted with the Department of Energy to provide management and operation … of a

-3-

1  Department of Energy facility." 42 U.S.C. § 7385c(a). Subtitle C goes on to apply this
2  exclusivity provision to Subtitle E (other covered) illnesses. It reads:

> This section applies with respect to subtitle E to the covered medical condition or covered illness or death of a covered DOE contractor employee <u>on the same basis as it applies with respect to subtitle B</u> to the cancer (including specified cancer), chronic silicosis, covered beryllium illness, or death of a covered employee.

42 U.S.C. § 7385c(d) (emphasis added). The only other cause of action permitted by the Act is an administrative or judicial proceeding under a State or Federal workers' compensation law. *See* 42 U.S.C. § 7385c(c).

Thus, the Act establishes that when an employee of a DOE contractor or subcontractor suffers a covered medical condition or illness as a result of his employment at a DOE facility, the employee has two remedies: 1) pursuing a claim under the EEOICPA or 2) filing a claim under a State or Federal workers' compensation law. The Act entirely preempts all other claims.

Here, plaintiff's claims arise out of his alleged exposure to toxic substances while employed by a contractor at LANL. *See* FAC at ¶¶ 7-8. Since his alleged illness is within the parameters of the Act, he may only pursue claims against the defendants under the EEOICPA (or against his employer through State or Federal workers' compensation law). The EEOICPA precludes plaintiff from pursuing his California Government Code claim against The Regents and that claim must be dismissed. *Accord Chavez v. Regents of the Univ. of Calif.*, No. 1:06-cv-00921-JEC-ACT (D.N.M. May 29, 2007) (granting motion to dismiss state personal injury lawsuit following removal based on EEOICPA preemption)(attached as Exhibit A to the Declaration of Michael A. Laurenson, filed herewith).

**B.     Government Code § 835 Does Not Apply to The Regents' Extraterritorial Activities at Los Alamos in New Mexico**

Plaintiff's claim against The Regents fails for the independent reason that it is based entirely on a provision of the California Government Code, which, pursuant to the presumption against extraterritorial application of state statutes, does not apply to conduct outside California.

-4-
PTS. & AUTH. I.S.O. DEF. THE REGENTS' MOTION TO DISMISS – CASE NO. C08-00548 EMC

"California law embodies a presumption against the extraterritorial application of its statutes." *Churchill Village, supra,* 169 F.Supp.2d 1119 at 1126. "The presumption against extraterritoriality is one against an intent to encompass conduct occurring in a foreign jurisdiction in the prohibitions and remedies of a domestic statute." *Diamond Multimedia Systems, Inc. v. Superior Court,* 19 Cal.4th 1036, 1060 (1999). The presumption will be applied unless "[t]he intention to make the act operative, with respect to occurrences outside the state, ... is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter or history." *North Alaska Salmon Co. v. Pillsbury,* 174 Cal. 1, 4 (1916).

Here, plaintiff's seventh cause of action alleges that The Regents violated Government Code Section 835, which provides that a public entity may be liable for "a dangerous condition of its property" under certain circumstances. There is nothing in the express language of the statute to indicate that the legislature intended it to apply extraterritorially, and defendant is not aware of any cases applying it to out-of-state conduct or discussing its application to such circumstances.

To the contrary, the legislature has expressed its clear intent that the University of California *not* be held liable for certain activities at LANL. In 1991, the legislature passed the following resolution:

> WHEREAS, The University of California has managed the Lawrence Livermore National Laboratory, Lawrence Berkeley National Laboratory, and the Los Alamos National Laboratory under contract to the United States Department of Energy; and
>
> WHEREAS, Those contracts do not place financial liability for environmental accidents or hazards associated with the operation of these federally owned facilities upon the University of California or the taxpayers of this state; and
>
> WHEREAS, It is in the best interest of the State of California and its taxpayers to continue protection from liability for environmental damage stemming from the operation of these laboratories; now, therefore, be it
>
> *Resolved by the Assembly of the State of California, the Senate thereof concurring,* That it is the intent of the Legislature that neither the State of California, nor the University of California or any other state agency, accept financial liability or responsibility for environmental damage originating from the operation of the Lawrence Livermore National Laboratory, Lawrence Berkeley National Laboratory, or Los Alamos National Laboratory and that

-5-
PTS. & AUTH. I.S.O. DEF. THE REGENTS' MOTION TO DISMISS – CASE NO. C08-00548 EMC

> no contract be entered into which would subject the state to any such liability.

Stats.1991, Res. Ch. 110 (A.C.R.62) (Exh. B to Laurenson Dec.).

Based on the absence of clear language in section 835 supporting its extraterritorial application, and the particular expression of the legislature that the University of California not be held liable for "environmental hazards" associated with its operation of LANL, this Court should find that section 835 does not apply to the conduct alleged herein.

### C. Plaintiff Has Not Stated a Claim for Dangerous Condition of Public Property

"To state a cause of action against a public entity under section 835, a plaintiff must plead: (1) a dangerous condition existed on the public property at the time of the injury; (2) the condition proximately caused the injury; (3) the condition created a reasonably foreseeable risk of the kind of injury sustained; and (4) the public entity had actual or constructive notice of the dangerous condition of the property in sufficient time to have taken measures to protect against it." *Brenner v. City of El Cajon*, 113 Cal.App.4th 434, 439 (2003). "Section 835 is the sole statutory basis for a claim imposing liability on a public entity based on the condition of public property." *Id.* at 438. "The limited and statutory nature of governmental liability mandates that claims against public entities be specifically pleaded." *Id.* at 439. "Accordingly, a claim alleging a dangerous condition may not rely on generalized allegations … ." *Ibid.*

Here, plaintiff has alleged facts concerning the presence of mercury at LANL and his exposure thereto, but he has not alleged facts demonstrating that The Regents had notice of the dangerous condition, or that The Regents had the requisite degree of control over the property that they could have taken steps to protect against the harm. This is particularly important here, where the property at issue is federally-owned and the only basis for any liability of The Regents would be facts establishing that The Regents possessed the requisite control over the property such that it had the "power to prevent, remedy or guard against the dangerous condition." *Low v. City of Sacramento*, 7 Cal.App.3d 826, 834-835 (1970) (interpreting definition of "public property" as used in section 835); *see also, Buchanan v. City of Newport Beach*, 50 Cal.App.3d 221 (1975)(action to hold city liable for surfer's injury at federally-owned beach).

Accordingly, even if plaintiff's claim was not preempted by EEOICPA and could be applied extraterritorially, this motion must still be granted based on plaintiff's failure to allege sufficient facts to support the claim.

## IV. CONCLUSION

For all the foregoing reasons, defendant The Regents' motion to dismiss plaintiff's seventh cause of action for violation of Government Code Section 835 should be granted.

Dated: February 7, 2008

GORDON & REES LLP

By: /s/ Michael A. Laurenson
Michael A. Laurenson
Attorneys for Defendant
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA