

1  GREENBERG TRAURIG, LLP
   José A. Isasi, II
2  (Subject to Admission Pro Hac Vice)
   77 West Wacker Drive Suite 2500,
3  Chicago IL 60601
   Telephone: (312) 456-8400
4  Facsimile: (312) 456-8435
5  isasij@gtlaw.com

6  Lisa L. Halko - SBN 148873
   1201 K Street, Suite 1100
7  Sacramento, CA 95814-3938
   Telephone: (916) 442-1111
8  Facsimile: (916) 448-1709
   halkol@gtlaw.com
9
   Attorneys for Defendants
10 Johnson Controls, Inc., and
   Johnson Controls, Northern New Mexico, LLC
11

12              UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14

15 DANA LEMANSKI,                  )  CASE NO.  C 08-00548 EMC ADR
                                   )
16       Plaintiff,                )  **DEFENDANTS JOHNSON CONTROLS
                                   )  OF NORTHERN NEW MEXICO, LLC'S
17 v.                              )  NOTICE OF MOTION AND MOTION
                                   )  TO DISMISS PURSUANT TO FRCP
18 REGENTS OF THE UNIVERSITY OF    )  12(b)(6); POINTS AND AUTHORITIES
   CALIFORNIA; JOHNSON CONTROLS, INC.,)  IN SUPPORT**
19 a Wisconsin corporation; and JOHNSON )
   CONTROLS, NORTHERN NEW MEXICO, a )  Date:  March 26, 2008
20 New Mexico corporation,         )  Time:  10:30 a.m.
                                   )  Dept.: C, 15th Floor
21       Defendants.               )
                                   )  **Assigned to:
22 _____ )  Magistrate Judge Edward M. Chen**

23

24       TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

25       PLEASE TAKE NOTICE that on March 26, 2008, at 10:30 a.m., in Courtroom C, 15th

26 Floor, located at 450 Golden Gate Ave., San Francisco, California, Defendants Johnson Controls,

27 Inc., and Johnson Controls, Northern New Mexico, LLC, will hereby move the Court to dismiss

28 Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

1

**DEFENDANTS JOHNSON CONTROLS OF NORTHERN NEW MEXICO, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6); POINTS AND AUTHORITIES IN SUPPORT**

1    The motion is based upon this Notice of Motion and Motion, the Points and Authorities in

2  Support of Motion to Dismiss, the file in this action, and any other matter the Court may properly

3  consider.

### POINTS AND AUTHORITIES

### I

### INTRODUCTION

7    Defendant Johnson Controls of Northern New Mexico, LLC, (incorrectly sued as

8  "Johnson Controls, Northern New Mexico") by and through its attorneys, Greenberg Traurig, LLP,

9  moves to dismiss this action in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

10    Plaintiff's First Amended Complaint plainly states that due to exposure to a toxic

11  substance (in this case, mercury), Plaintiff suffered personal injuries.  This toxic exposure is

12  alleged to have occurred at the Los Alamos National Laboratory in Los Alamos, New Mexico.

13  However, the Plaintiff's exclusive remedy for injuries arising from toxic exposures at Los Alamos

14  can be found in the Energy Employees Occupational Illness Compensation Program Act ("Act"),

15  which preempts all other claims that Plaintiff may assert.  Therefore, Plaintiff's complaint should

16  be dismissed.

### II

### STATEMENT OF FACTS

19    On January 17, 2008, Plaintiff filed his First Amended Complaint, naming Johnson

20  Controls Northern New Mexico for the first time as a defendant in this matter.[1]  Plaintiff was an

21  employee for an entity called Holmes & Narver which had a contract with the Defendants to serve

22  as a facility engineer at Los Alamos National Laboratory ("LANL").  (First Amended Complaint,

23  ¶¶ 7-8).  While Plaintiff's complaint does not specify the time of his employment at LANL,

24  plaintiff claims to have suffered his injuries beginning in or about January 2001.  (*Id.* at ¶ 7).

25  Plaintiff alleges that during the relevant time period LANL was operated and maintained by each

26  of the Defendants.  (*Id.* at ¶ 7).

27
_____

[1] Unless otherwise indicated, the factual background is taken from the allegations of Plaintiff's First
28  Amended Complaint.

**DEFENDANTS JOHNSON CONTROLS OF NORTHERN NEW MEXICO, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6); POINTS AND AUTHORITIES IN SUPPORT**

1    Plaintiff alleges that as part of his job duties, he performed decommissioning and salvage

2  operations in various LANL facilities. (*Id.* at ¶ 9). Plaintiff alleges that the facilities at which he

3  conducted decommissioning and/or salvage operations had a prior history of mercury spills. (*Id.*)

4  Additionally, Plaintiff alleges that a potential danger of mercury exposure existed from "damaged

5  instrumentation" at the facilities at LANL. (*Id.*) Most importantly for the purposes of this motion,

6  Plaintiff alleges that as a result of the decommissioning and salvage operations the Plaintiff

7  engaged in at LANL, he was exposed to mercury, which caused his permanent injuries. (*Id.* at ¶

8  10).

9                                   **III**

10                              **ARGUMENT**

11      **THE EEOICPA PREEMPTS THE PLAINTIFF'S CAUSE OF ACTION**

12  **A.    Standard On A Motion To Dismiss.**

13    Under Rule 12(b)(6), a plaintiff's claims or entire complaint may be dismissed by the

14  court for "failure to state a claim upon which relief can be granted." Rule 12(b)(6). *See, e.g. Jack*

15  *Russell Terrier Network of N. Cal v. Am. Kennel Club*, 407 F.3d 1027, 1032 (9th Cir. 2005).

16  Dismissal is proper under Federal Rule of Civil Procedure 12(b)(6) when the plaintiff is not

17  entitled to any relief under any set of facts provable under the claim. *See H.J. Inc. v. Northwestern*

18  Bell Tel. Co., 492 U.S. 229, 249-50 (1989). In resolving a Rule 12(b)(6) motion, the court must (1)

19  construe the complaint in the light most favorable to the plaintiff, (2) accept all well-pleaded

20  factual allegations as true, and (3) determine whether plaintiff can provide any set of facts to

21  support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th

22  Cir. 1996).

23  **B.    The Energy Employees Occupational Illness Compensation Program Act Of 2000.**

24    In 2000, Congress enacted the Energy Employees Occupational Illness Compensation

25  Program Act, 42 U.S.C. § 7384 *et. seq.* ("EEOICPA" or "the Act"). As set forth in the findings

26  provision, the Act established a compensation fund ("the Program") for civilians who perform

27  duties related to nuclear weapons production and testing programs of the Department of Energy.

28  *Id.*, at § 7384(a)(8). Congress established in § 7385c, entitled "Exclusivity of Remedy Against the

3

1  United States and Against Contractors and Subcontractors," that the sole liability for parties such

2  as the Defendants would be found under the Act:

3          (a)    The liability of the United States or instrumentality of the United
4                 States under this subchapter . . . is exclusive and instead of all
               other liability -

5                 (1)    of . . .

6                        (C)    a contractor that contracted with the Department of
7                               Energy to provide management and operation,
                              management and integration, or environmental
8                               remediation of a Department of Energy facility (in
                              its capacity as contractor);

9                        (D)    a subcontractor that provided services, including
10                               construction, at a Department of Energy facility (in
                              its capacity as a subcontractor) . . .
11                 (2)    to--

12                        (A)    the covered employee . . .

13          (b)    Applicability: this section applies to all cases filed on or after
               October 30, 2000.

14          (c)    Workers Compensation:  This section does not apply to an
15                 administrative or judicial proceeding under a Federal or State
               workers' compensation law.

16          (d)    This section applies with respect to Part E to the covered medical
17                 condition or covered illness or death of a covered DOE contractor
               employee on the same basis as it applies with respect to Part B to
18                 the cancer (including a specified cancer), chronic silicoses, covered
               beryllium illness, or death of a covered employees.

19  *See* 42 U.S.C. § 7385c.

20          In 2004, Congress amended the EEOICPA with the addition of Part E (referenced in

21  subsection "(d)" above), further clarifying the scope of the exclusivity provisions of the Act.   A

22  "covered employee" includes "any Department of Energy contractor employee determined under

23  § 7385s-4 of this title to have contracted a covered illness through exposure at a Department of

24  Energy facility." 42 U.S.C. § 7385s(1).  The regulations promulgated pursuant to the Act define a

25  DOE facility to mean "any building, structure, or premise, including the grounds on which such

26  building, structure, or premise is located." 20 C.F.R. § 30.5(x)(1).  The Department of Energy has

27  categorized LANL as a DOE facility for the purposes of the Act.  *See Energy Employees*

28  *Occupational Illness Compensation Program Act of 2000; Revision to List of Covered Facilities,*

4

**1** 69 Fed. Reg. 51825 (Aug. 23, 2004).[2]  A "covered illness" under the EEOICPA is "any illness

**2** resulting from exposure to a toxic substance" 42 U.S.C. § 7385s(2).[3]

**3**        Thus, if a "covered employee", suffers from any "illness" resulting from toxic

**4** exposure at a "building [or] structure" at a DOE facility, he or she can only bring claims arising

**5** from that illness under the EEOICPA.  Plaintiff's claims in this matter fall within the requirements

**6** of the Act, and Plaintiff cannot maintain this cause of action.

**7** **C.    Plaintiff's Claims Are Covered Exclusively Under The EEOICPA.**

**8**        Since all of the statutory requirements for a claim under EEOICPA have been presented in

**9** Plaintiff's complaint, Plaintiff's state law claims are preempted and should be dismissed.  First,

**10** Plaintiff affirmatively alleged he was employed by Holmes & Narver, and provided facility

**11** engineering services at "various LANL facilities."  (First Amended Complaint, ¶¶ 8-9).  This

**12** satisfies the requirement under 42 U.S.C. § 7385 that in order to be eligible for compensation

**13** under the Program, these services must be provided at a designated DOE facility.  Second, the

**14** Plaintiff has affirmatively alleged that Holmes & Narver had contracts with the Defendants

**15** (including JCNNM) to perform these services at LANL. (*Id.* at ¶ 8)  This satisfies the requirement

**16** under § 7385c(a)(1) that liability under the Program is exclusive for contractors and subcontractors

**17** that provide services at a Department of Energy facility.  Plaintiff further affirmatively alleges that

**18** he was exposed to a toxic substance (mercury) which caused his injuries (First Amended

**19** Complaint ¶¶ 9-10), satisfying the requirements of § 7385s(2).  This suit was commenced after

**20** October 30, 2000, satisfying the applicability provisions of  §7385c(b) of the Act ("this section

**21** applies to all cases filed on or after October 30, 2000.").

**22**

**23**

---

**24**    [2] *See also*, 20 C.F.R. § 30.5(w)(2)(ii) (a DOE contractor employee includes "[a]n individual who is

**25** or was employed at a DOE facility by a contractor or subcontractor that provided services, including construction and maintenance, at the facility").

**26**    [3] *See also*, 20 C.F.R. § 30.5(r) ("covered illness means, under Part E of the Act relating to exposures

**27** at a DOE facility or a RECA § 5 facility, an illness or death resulting from exposure to a toxic substance"); a toxic substance is "any material that has the potential to cause illness or death because of

**28** its radioactive, chemical, or biological nature." *Id.* at § 30.5(ii).

1   Thus, all the requirements have been met and Plaintiff's sole and exclusive remedy for the

2   injuries he complains of is to file for compensation under Part E of the Act.   To obtain

3   compensation under Part E, an employee must submit a claim to the Department of Labor for a

4   determination as to whether exposure to a toxic substance at a DOE facility was "at least as likely

5   as not . . . a significant factor  in aggravating, contributing to, or causing the illness."  42 U.S.C.

6   § 7385s-4.  Only after the Department of Labor as made such a determination may an employee

7   pursue judicial relief in a federal court, where the "the court may modify or set aside such decision

8   only if the court determines that such decision was arbitrary and capricious."  *Id,* §7385s-6.

9   Because Plaintiff has failed to seek or to allege review through the Department of Labor, his claim

10  should be dismissed.  Even if all his claims are accepted as true, he cannot allege any facts to

11  support a claim that would merit relief from this Court.

12  It should be noted that dismissal does not harm the Plaintiff, because the EEOICPA sets

13  no limitation period for the submission of a claim to the Department of Labor pursuant to section

14  7385s-4.  This is in contrast to the potentially applicable statute of limitations for the State law

15  claims brought by Plaintiff.  Here, Plaintiff alleges his injuries began "in or about January 2001,"

16  yet this suit was not filed until September of 2007.

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**DEFENDANTS JOHNSON CONTROLS OF NORTHERN NEW MEXICO, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6); POINTS AND AUTHORITIES IN SUPPORT**

1

## IV

## CONCLUSION

Taking all the well-pleaded facts in his First Amended Complaint as true, Plaintiff's claim for injuries arising from the toxic exposure to mercury at the Los Alamos National Labs must be brought under the Energy Employees Occupational Illness Compensation Act. This is the exclusive remedy of Plaintiff's claim against the United States, as well as contractors and subcontractors providing services at Department of Energy facilities such as Los Alamos National Labs. Under the EEOICPA, Plaintiff cannot state a cause of action for state law claims against Johnson Controls Northern New Mexico, and therefore his claims should be dismissed with prejudice.

February 7, 2008                          GREENBERG TRAURIG, LLP

By: _____
    José A. Isasi, II
    Lisa L. Halko
    Attorneys for Defendants
    JOHNSON CONTROLS, INC., and
    JOHNSON CONTROLS, NORTHERN
    NEW MEXICO, LLC

7