Steven C. Smith, Esq., SBN 116246
William D. Chapman, Esq., SBN 100535
Robert J. Hadlock, Esq., SBN 174522
SMITH, CHAPMAN & CAMPBELL
A Professional Law Corporation
1800 North Broadway, Suite 200
Santa Ana, CA 92706
Tel: (714) 550-7720 / Fax: (714) 550-1251

Attorneys for DANA LEMANSKI, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA LEMANSKI<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; JOHNSON CONTROLS, INC., a Wisconsin Corporation; JOHNSON CONTROLS NORTHERN NEW MEXICO; and DOES 2 to 100, inclusive<br><br>　　　　Defendants. | Case No. C08-00548 EMC ADR<br><br>**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date:　　March 26, 2008<br>Time:　　10:30 a.m.<br>Dept.:　　C, 15th Floor<br>Before:　Hon. Edward M. Chen |

I.   **INTRODUCTION**

Plaintiff, DANA LEMANSKI, sustained serious and permanent injuries as a result of his exposure to mercury while he was working as a contract employee at the Los Alamos Nuclear Laboratories ("LANL"). From in or about 1999 to 2001 Plaintiff, who was a facilities engineer, was called upon to perform a number of decommissioning and salvage operations in various LANL facilities that required him to come in contact with areas where no other employees regularly went, including mechanical rooms, pipe trenches, pipe chases and duct chases. As part of those duties, Plaintiff was required to examine several burnt out facilities after a 2000 fire that destroyed or damaged certain buildings at LANL. These buildings contained

numerous mercury containing instruments that had been damaged or destroyed by the fire, which were designed, manufactured and/or distributed by Defendants JOHNSON CONTROLS, INC. and JOHNSON CONTROLS NORTHERN NEW MEXICO ("Johnson Controls Defendants"). Plaintiff was unaware and was never informed by the Johnson Control Defendants of the potential danger of mercury exposure from damaged instrumentation that contained mercury.

In or about January 2001, Plaintiff began to suffer permanent personal injuries, including but not limited to, brain damage, fatigue, muscle weakness, gastrointestinal problems and other serious injuries. Although Plaintiff sought treatment from a number of doctors in the ensuing years, and he was diagnosed with numerous illnesses, including chronic fatigue syndrome, fibromyalgia, gastroenteritis and later toxic encephalopathy. However, none of Plaintiff's doctors could discover the cause. Finally, in September 2005, a doctor finally established that the cause was mercury poisoning. Plaintiff had no possible contact with mercury other than through his work at LANL. Because some of the instrumentation that was damaged or destroyed in the 2000 fire contained mercury to which Plaintiff was exposed, he filed suit against Defendants in California Superior Court in September, 2007.

Defendant JOHNSON CONTROLS NORTHERN NEW MEXICO removed the action to this Court and has filed the instant motion to dismiss, which has been joined by the other Johnson Control defendant as well.[1] The Johnson Control Defendants' sole basis for their joint motion is an assertion that the Energy Employees Occupational Illness Compensation Program Act ("EEOICPA"), found at 42 U.S.C. 7384, *et seq.*, is the exclusive remedy available to Plaintiff, thus preempting Plaintiff's claim and supporting dismissal.

///

---

[1] Plaintiff has settled his case with the UC Regents, and is in the process of requesting a dismissal of his claim as to that defendant. He therefore files no opposition to the UC Regent's motion.

Plaintiff concedes that the preemption provided by the EEOICPA does indeed apply to his first and second causes of action for negligence and premises liability. However, when one reads the plain language of the statute itself, *as quoted by Defendants in their brief*, a clear exception exists for Plaintiff's products liability causes of action. Therefore, Plaintiff respectfully requests that the Court deny Defendant's motion as to the third, fourth, fifth and sixth causes of action in his First Amended Complaint based on products liability claims.

## II.  PLAINTIFF'S PRODUCTS LIABILITY CAUSES OF ACTION ARE NOT SUBJECT TO THE "EEOICPA" PREEMPTION RULE

Defendant asserts that Plaintiff's only recourse is through the EEOICPA. As support for this proposition, Defendants quote 42 U.S.C. 7385c.

In determining claims of federal preemption, one must begin with the following axiom:

> There is a presumption against federal preemption. The Supreme Court has cautioned that state laws should be followed unless "the clear and manifest purpose of Congress" was preemptive. Where a relevant federal statute contains a preemption clause, the courts should attempt to ascertain Congress' intent regarding the scope of preemptive effect from the express language of that clause. *Churchill Village, L.L.C. v. General Elec. Co.* (N.D.Cal.,2000) 169 F.Supp.2d 1119, 1127 (citations omitted).

In their moving papers, Defendants acknowledge that section 7385c very specifically states, in pertinent part, the following:

> The liability of the United States or an instrumentality of the United States under this subchapter...is exclusive and instead of all other liability--
>
> (1) of–...
>
> (C) a contractor that contracted with the Department of Energy to provide management and operation, management and integration, or environmental remediation of a Department of Energy facility *(in its capacity as a contractor)*;
>
> (D) a subcontractor that provided services, including construction, at a Department of Energy facility *(in its capacity as a subcontractor)*.... (Emphasis added.)

///

There is no "clear and manifest purpose of Congress" to preclude causes of action brought against defendants in their capacities as manufacturers or distributors of defective products. In fact, as the parenthetical language cited above suggests, just the opposite is true.

Plaintiff in the instant case, in regard to his causes of action for products liability - causes of action three through six - has not sued Defendants in their capacities as contractors or subcontractors of the DOE. He has sued them in their capacities as manufacturers and/or distributors of defective products.

Nor do Plaintiff's causes of action for products liability bear any relation to Defendants' management, operation, maintenance, construction or remediation of a DOE facility. In fact, there are no allegations in these causes of action whatsoever regarding Defendants actions in operating, managing, maintaining, constructing or remediating any DOE facilities. They are based solely on allegations that Defendants designed and distributed defective products and/or failed to warn Plaintiff of the dangers of those products, and *those actions* were a substantial factor in causing Plaintiff's injuries.

No case law exists that has upheld a blanket prohibition under the EEOICPA of all causes of action, no matter what the legal theory, and no matter the capacity under which the plaintiff has alleged defendants were acting. Plaintiff therefore asserts that the presumption against preemption should apply, and Plaintiff should be allowed to pursue his causes of action for products liability.

## IV. **CONCLUSION**

Nothing in the express language of the EEOICPA preempts a plaintiff's suit for products liability against defendants who were acting in their capacities as manufacturers and/or distributors of defective products. Just the opposite is true. Since Plaintiff did not sue the Johnson Controls Defendants in their capacity as in their capacities as contractors or subcontractors of the DOE, but as manufacturers and/or distributors of defective products, the EEOICPA preemption clause does not apply, and

1 | he must be allowed to pursue his suit for these causes of action. Plaintiff therefore
2 | respectfully reiterates his request that the Court deny Defendants' motion with respect
3 | to the third, fourth, fifth and sixth causes of action in his First Amended Complaint.

DATED: March 5, 2008

SMITH, CHAPMAN & CAMPBELL
A Professional Law Corporation

_____
William D. Chapman, Attorneys for
Plaintiff, DANA LEMANSKI

```
 1  Steven C. Smith, Esq., SBN 116246
    William D. Chapman, Esq., SBN 100535
 2  Robert J. Hadlock, Esq., SBN 174522
    SMITH, CHAPMAN & CAMPBELL
 3  A Professional Law Corporation
    1800 North Broadway, Suite 200
 4  Santa Ana, CA 92706
    Tel: (714) 550-7720 / Fax: (714) 550-1251
 5
    Attorneys for Plaintiff
 6  DANA LEMANSKI

 7

 8                  UNITED STATES DISTRICT COURT

 9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  DANA LEMANSKI              )   CASE NO.  C08-00548 EMC
                               )
12            Plaintiff,       )   Assigned to:
                               )   Magistrate Edward M. Chen
13     vs.                     )
                               )   CERTIFICATE OF SERVICE
14  REGENTS OF THE UNIVERSITY  )
    OF CALIFORNIA; JOHNSON     )
15  CONTROLS, INC., a Wisconsin)
    Corporation; and DOES 1 to 100,)
16  inclusive                  )
                               )
17            Defendants.      )
                               )
18  _____

19
    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
20
```

1

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county of Orange State of California. I am over the age of 18 and not a party to the within action; my business address is **1800 North Broadway, Suite 200, Santa Ana, CA 92706**

On March 5, 2008, I served the foregoing document described as STIPULATION TO DISMISS ACTION AGAINST REGENTS OF THE UNIVERSITY OF CALIFORNIA AND PROPOSED ORDER on the interested parties in this action.

[x]    by placing the true copies thereof enclosed in sealed envelopes addressed to:

| | |
|---|---|
| Michael T. Lucey, Esq.<br>Michael A. Laurenson Esq.<br>Gordon & Rees LLP<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111<br>(415) 986-5900 / fax (415) 986-8054<br>wbh@hanley-law.com | Jose A. Isasi, II, Esq.<br>Greenberg, Taurig LLP<br>77 West Wacker Drive, Suite 2500<br>Chicago, IL 60601<br>(312) 476-5127 / fax (312) 899-0362<br>isasij@gtlaw.com |

[ ]    by placing the original thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

[ ]    **(BY PERSONAL SERVICE)**
I caused for personal delivery of envelope by hand.

[x]    **(BY MAIL)**

[_]    I deposited such envelopes in the mail at Santa Ana, California. The envelopes were mailed with postage thereon fully prepaid.
[x]    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **(BY FACSIMILE and/or EMAIL)** I sent such document via facsimile or machine to each person on the attached mailing list. The facsimile machine I used complied with Rule 2003, and the transmission was reported as complete and without error on **March 5, 2008** before 5:00 p.m.

[ ]    **(BY OVERNIGHT COURIER)**
**I deposited such document into a Federal Express Drop Box in Santa Ana, California before the pick up cutoff time of 4:45 for delivery the next business day to the addressee(s) listed above.**

[X] By ELECTRONIC FILE TRANSER TO ECF FILE & SERVE: By transmitting a true copy of the document(s) listed above for service on all parties in this case pursuant to applicable statutes, local rules and/or order of the Court.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Date: March 5, 2008                                        _____
                                                                        Dolores Cerecedes

2