GREENBERG TRAURIG, LLP
José A. Isasi, II
(admitted *pro hac vice*)
77 West Wacker Drive Suite 2500,
Chicago IL 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
isasij@gtlaw.com

Lisa L. Halko - SBN 148873
1201 K Street, Suite 1100
Sacramento, CA 95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
halkol@gtlaw.com

Attorneys for Defendants
Johnson Controls, Inc., and
Johnson Controls, Northern New Mexico, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA LEMANSKI,<br><br>Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; JOHNSON CONTROLS, INC., a Wisconsin corporation; and JOHNSON CONTROLS, NORTHERN NEW MEXICO, a New Mexico corporation,<br><br>Defendants. | CASE NO. C 08-00548 EMC ADR<br><br>**DEFENDANTS JOHNSON CONTROLS OF NORTHERN NEW MEXICO, LLC AND JOHNSON CONTROLS, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**<br><br>Date: April 23, 2008<br>Time: 10:30 a.m.<br>Dept.: C, 15th Floor<br><br>**Assigned to:**<br>**Magistrate Judge Edward M. Chen** |

I. **INTRODUCTION**

Defendant Johnson Controls of Northern New Mexico, LLC, ("JCNNM") and Johnson Controls, Inc. ("JCI") originally filed their Motion to Dismiss pursuant to F.R.C.P. 12(b)(6), due to the fact the Plaintiff's claims were completely preempted by the Energy Employees Occupational Illinois Compensation Program Act ("EEOICPA"), 42 U.S.C. 7384, *et seq.* In Plaintiff's Partial Opposition to Defendants' Motion to Dismiss ("Partial Opposition"), Plaintiff concedes that the

first two causes of action in his Complaint (Negligence and Premises Liability) are preempted by the EEOICPA, and thus, should be dismissed by this Court. (Partial Opposition at 3.) Plaintiff's opposition to the dismissal of the remaining causes of action directed at these Defendants is based upon a misreading of the language of the EEOICPA and upon facts that appear nowhere in the Amended Complaint. As demonstrated below, based upon the well-pleaded facts in the First Amended Complaint, the EEOICPA is the exclusive remedy for the injuries alleged in that Complaint, Thus, the First Amended Complaint should be dismissed in its entirety.[1]

## II. ARGUMENT

In his Partial Opposition, Plaintiff initially, and mistakenly, addresses the question of the preemptive scope of the EEOICPA. He argues, relying upon *Churchill Village, LLC v. General Elec. Co.*, 169 F. Supp. 2d 1119, 1127 (N.D. Cal. 2000) that "there is a presumption against federal preemption. The Supreme Court has cautioned that state laws should be followed unless 'the clear and manifest purpose of Congress' was preemptive." (Partial Opposition at 3.) However, there cannot be a dispute that the EEOICPA contains an express preemption provision. § 7385(c), which is entitled "Exclusivity of Remedy against the United States and Against Contractors and Subcontracts," establishes that liability under the Act "is exclusive and instead of all other liability of. . . a contractor that contracted with the Department of Energy to provide management and operation. . . [and] a subcontractor that provided services. . ." *Id.*

The question before this Court, then, is not whether the EEOICPA preempts state law claims. It clearly does, and plaintiff concedes as much when he concedes the first two causes of action are preempted. Rather, the question is whether, when examining the well-pleaded factual allegations in Plaintiff's First Amended Complaint, there are any allegations which fall outside the exclusive remedy provision of the EEOICPA.

Plaintiff contends in his Partial Opposition that the third through sixth causes of action in his Complaint are "product liability claims" and therefore fall outside the exclusive remedy

---

[1] This Court has already dismissed all causes of action directed at co-defendant, the Regents of the University of California.

2

**DEFENDANTS JOHNSON CONTROLS OF NORTHERN NEW MEXICO, LLC AND JOHNSON CONTROLS, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)**

provisions of the EEOICPA. (Partial Opposition at 3.) Plaintiff supports his position by presenting two arguments, neither of which are substantiated by the actual allegations of the Complaint. Plaintiff argues that the third through sixth actions are not related to services arising from the operation of Los Alamos National Labs (LANL), contending, "in fact, there are no allegations in these causes of action [causes of action three through six] whatsoever regarding Defendants' actions in operating, managing, maintaining, constructing or remediating any DOE facilities." (Partial Opposition at 4.) Plaintiff also argues that he "has not sued Defendants in their capacities as contractors or subcontractors of the DOE. He has sued them in their capacities as manufacturers and/or distributors of defective products." (*Id.*)

Contrary to Plaintiff's arguments in his Partial Opposition, Plaintiff has plainly alleged that JCNNM and JCI <u>operated</u> and <u>maintained</u> LANL:

**GENERAL ALLEGATIONS**

7. This lawsuit arises out of serious and permanent personal injuries that Plaintiff began to suffer in or about January 2001, at business premises <u>operated</u> and <u>maintained</u> by Defendants, and each of them, known as Los Alamos National Laboratory ("LANL"), located in Los Alamos, New Mexico. . .

*See*, Plaintiff's First Amended Complaint at ¶ 7 (emphasis added). The well-pleaded facts in Plaintiff's Amended Complaint show the Defendants alleged activities fall squarely within the exclusive remedy provision of the EEOICPA, as they were named as defendants due to management and operation services allegedly provided at a DOE facility.

Plaintiff nevertheless argues to this Court that "buildings [at LANL] contained numerous mercury containing instruments that had been damaged or destroyed by the fire, which were designed, manufactured and/or distributed by Defendants JOHNSON CONTROLS, INC. and JOHNSON CONTROLS NORTHERN NEW MEXICO. . ." (Partial Opposition at 2.) However, this argument is made without citation to any factual allegation in the Amended Complaint. These

arguments simply do not measure up to the actual allegations in Plaintiff's First Amended Complaint.

Each of the "products liability" causes of action in the Amended Complaint repeat and reallege the General Allegations, and rely upon facts previously stated, to support their claims. One representative example from the Amended Complaint is:

### THIRD CAUSE OF ACTION

### (Negligence - Products Liability)

### (Against Defendants JOHNSON CONTROLS, INC., JOHNSON CONTROLS NORTHERN NEW MEXICO and DOES 2 through 50, inclusive)

Plaintiff <u>repeats and realleges</u> paragraphs 1 through 24 as if set forth in full.

25. Based <u>on the facts previously herein</u> stated, above named Defendants, and each of them, owed a duty to Plaintiff to design, manufacture, assemble, market, distribute, install and/or otherwise make available instruments that were safe for Plaintiff to use and/or work near.

*See,* Plaintiff's First Amended Complaint at 6 (emphasis added). Contrary to the argument in Plaintiff's Partial Opposition, there are <u>no</u> specific allegations that the Defendants manufactured any instruments which contained mercury and caused Plaintiff any injuries. The sole factual allegations regarding this "instrumentation" are found in ¶ 9, which states in relevant part:

9. ". . . Plaintiff was unaware and was never informed by Defendants, and each of them, that the facilities at which he was performing the decommissioning and/or salvage operation had been the subject of prior mercury spills, or of the potential danger of mercury exposure from damaged instrumentation. Plaintiff is informed and believes and on this information and belief alleges that Defendants, and each of them, knew or should have known of the prior mercury spills and of the dangers posed by damaged instrumentation."

Thus, the Amended Complaint is devoid of any specific allegation that the Defendants supplied instruments which contained mercury at Los Alamos National Labs, or placed these mercury-containing instruments into the stream of commerce where they were ultimately used at LANL.

4

DEFENDANTS JOHNSON CONTROLS OF NORTHERN NEW MEXICO, LLC AND JOHNSON CONTROLS, INC.'S
REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)

1    More fundamentally, when reading all the well-plead facts in Plaintiff's Amended Complaint, the only inference which can be drawn is that whatever services were provided by JCNNM and JCI at Los Alamos National Labs, this was done by the Defendants in their capacity as contractors and subcontractors operating and maintaining LANL. It is precisely this set of circumstances which the EEOICPA was designed to address. The EEOICPA draws no distinction between what types of services a subcontractor performs at a DOE facility; the simple fact of providing services means that, for any "covered employee," which includes "any Department of Energy contractor employee" whose illness is the result of an exposure at a DOE facility, their exclusive remedy is under the EEOICPA.

Perhaps in recognition of the deficiencies in the facts in the First Amended Complaint, Plaintiff attempts in his Partial Opposition to go beyond the well-plead facts of the Complaint and expand those allegations into more traditional products liability claims. However, in this regard, as in many contexts, "the plaintiff is the master of the complaint," and can plead causes of action, and name parties, as he sees fit and the evidence supports. *See generally*, 16 J. Moore et al., Moore's Federal Practice § 107.14 [2] [c], P. 107-167 (3d ed. 2005), cited in *Lincoln Property Co., v. Roche*, 546 U.S. 81, 91, 126 S. Ct. 606, 614 (2005); *Lingle v. Norge Division of Magic Chief, Inc.,* 486 U.S. 399, 410 at n. 10, 108 S. Ct. 1877, 1883 (1988). Here, Plaintiff has failed to plead that any particular Defendant manufactured or distributed any particular "instrument" which was the proximate cause of Plaintiff's alleged injury. Plaintiff cannot escape the well-plead facts of his First Amended Complaint by an expansion of them in his Partial Opposition.

III.   **CONCLUSION**

For the foregoing reasons, and for those which may be presented at the hearing in this matter, Defendants Johnson Controls of Northern New Mexico, LLC, and Johnson Controls, Inc., respectfully requests that this Honorable Court grant their Motion and dismiss Plaintiff's First Amended Complaint.

April 9, 2008                                  GREENBERG TRAURIG, LLP

By: /s/ Lisa L. Halko
José A. Isasi, II
Lisa L. Halko
Attorneys for Defendants
JOHNSON CONTROLS, INC., and
JOHNSON CONTROLS, NORTHERN
NEW MEXICO, LLC