GREENBERG TRAURIG, LLP
José A. Isasi, II
(admitted *pro hac vice*)
77 West Wacker Drive Suite 2500,
Chicago IL 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
isasij@gtlaw.com

Lisa L. Halko - SBN 148873
1201 K Street, Suite 1100
Sacramento, CA 95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
halkol@gtlaw.com

Attorneys for Defendants
Johnson Controls, Inc., and
Johnson Controls of Northern New Mexico, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA LEMANSKI,<br><br>    Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; JOHNSON CONTROLS, INC., a Wisconsin corporation; and JOHNSON CONTROLS, NORTHERN NEW MEXICO, a New Mexico corporation,<br><br>    Defendants. | CASE NO. C 08-00548 EMC ADR<br><br>**DEFENDANTS JOHNSON CONTROLS OF NORTHERN NEW MEXICO LLC'S AND JOHNSON CONTROLS, INC.'S MOTION TO TRANSFER VENUE TO THE DISTRICT OF NEW MEXICO; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: May 21, 2008<br>Time: 10:30 a.m.<br>Dept. C, 15th Floor<br><br>Assigned to:<br>Magistrate Judge Edward M. Chen |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD

Please take notice that on May 21, 2008 at 10:30 a.m. in Courtroom C, 15th Floor, located at 450 Golden Gate Ave., San Francisco, California, Defendants Johnson Controls of Northern New Mexico, LLC and Johnson Controls, Inc. will hereby move to transfer the venue of this action pursuant to 28 U.S.C. § 1404(a).

1

This motion is based upon the Notice of Motion and Motion, the Points of Authorities in Support of the Motion to Transfer, the Declaration of José A. Isasi, II in Support, the file in this action, and any other matter the Court may consider.

## POINTS AND AUTHORITIES

### I. INTRODUCTION

From the outset, the connection between the facts, circumstances and witnesses in this litigation and the Northern District of California was tenuous and limited. The only known connection to the Northern District was that the Regents of the University of California, formerly a defendant in this matter, but dismissed by stipulation before a responsive pleading was filed, "resided" in this district pursuant to 28 U.S.C. § 1391(b). With the Board of Regents dismissed, there are no contacts with the Northern District of California of any relevance to this litigation. Instead, virtually every relevant contact, witness, document, and the location of the alleged toxic exposure, are all found in the state of New Mexico. For these reasons, the Defendants have requested a transfer to the U.S. District Court for the District of New Mexico.

### II. FACTS AND PROCEDURAL HISTORY

The following facts are taken from Plaintiff's First Amended Complaint. The Plaintiff claims he was employed as a facility engineer at Los Alamos National Laboratory (LANL) in Los Alamos, New Mexico. (First Amended Complaint, at ¶¶ 7 and 8.) Plaintiff alleges that in 2000 a fire in Los Alamos destroyed and damaged certain buildings at LANL. (*Id.*, at ¶ 9.) Plaintiff claims that in performance of his duties, he was required to examine these fire damaged buildings at LANL. (*Id.*) Plaintiff claims that he performed decommissioning and/or salvage operations in these damaged or destroyed buildings. (*Id.*) During this work, the Plaintiff alleges he was exposed to mercury, either due to "damaged instrumentation," prior mercury spills in these structures, or both. (*Id.*) Plaintiff claims that due to this mercury exposure, he suffered permanent personal injuries. (*Id.*, at ¶ 10.) There are no allegations in the First Amended Complaint of any activities in, or in connection with, the state of California, other than his allegation that he is a resident of Orange County, California. (*Id.*, at ¶ 1.)

Plaintiff's lawsuit was originally filed in Alameda County Court, and his Amended Complaint (filed prior to responsive pleadings being due) was filed on January 17, 2008. Defendant Johnson Controls of Northern New Mexico, LLC, timely removed this matter to the U.S. District Court for the Northern District of California on January 24, 2008, based on federal question jurisdiction (pursuant to 42 U.S.C. §§ 7384 *et. seq.*). Another original defendant, The Regents of the University of California, was dismissed pursuant to a stipulation of the parties by this Court's Order of March 6, 2008. With the dismissal of the local defendant, Johnson Controls of Northern New Mexico, LLC ("JCNNM") and Johnson Controls, Inc. ("JCI") amended their notice of removal to include diversity jurisdiction.

During the Rule 26(f) conference on April 9, 2008, between counsel for these Defendants and Plaintiff, counsel for these Defendants discussed the practical difficulties associated with conducting this litigation in the Northern District of California when the site of the incident in question, the witnesses to the incident, the documentation of the incident, etc. were likely all located in New Mexico. Defendants' counsel also explained certain practical difficulties associated with conducting discovery in this case due to the fact that the incident at issue occurred at a highly secure government research facility, the Los Alamos National Laboratory. Defendants' counsel requested that Plaintiff's counsel consent to the transfer of this litigation to the District of New Mexico. Plaintiff's counsel requested an opportunity to consider the facts and indicated that he would advise counsel for the Defendants by April 14, 2008 if Plaintiff consented to the transfer. The requested consent has not been provided.

### III.   ARGUMENT

**A.   The Standard For A Motion To Transfer Venue.**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The purpose of § 1404(a) is to

"prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *Van Dusen*, 376 U.S. at 616, 84 S.Ct. 805 (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).

The movant must show that the transferee forum is one in which the action originally might have been brought. *Hoffman v. Blaski*, 363 U.S. 335, 344, 80 S.Ct. 1084 (1960). Courts then analyze the convenience of the parties and witnesses and the interests of justice in light of several factors:

(1) convenience of the parties;

(2) convenience of the witnesses;

(3) ease of access to the evidence;

(4) plaintiff's choice of forum;

(5) familiarity with each forum with the applicable law;

(6) feasibility of consolidation of other claims[1];

(7) any local interest in the controversy; and

(8) the relative court congestion and time of trial in each forum.

*Decker Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

This action could have been brought in the District of New Mexico. Subject matter jurisdiction exists under 28 U.S.C. §§ 1331. Venue is proper in the District of Nevada because one of the Defendants can be found there (28 U.S.C. § 1391(b)(3)) and because Plaintiff's claims arose there (28 U.S.C. § 1391(b)(2). Therefore, resolution of the Defendants' motion turns on whether the transfer serves the convenience of the parties, the convenience of the witnesses, and the interests of justice. *Decker Co.*, 805 F.2d at 843. These factors overwhelmingly favor a transfer.

---

[1] The Defendants are unaware of other claims with which this suit would be consolidated, thus this factor will not be addressed.

1.  **All Known And Anticipated Witnesses Reside In New Mexico Except Plaintiff, Including Nonparty Witnesses.**

Because all the events giving rise to this litigation took place in Los Alamos, New Mexico, all known or anticipated witnesses reside in or around Los Alamos, with the exception of the Plaintiff himself, who does <u>not</u> reside in the Northern District of California. Indeed, Plaintiff lived and worked in the vicinity of Los Alamos, New Mexico, during the time period relevant to this lawsuit. If this action were to be tried in California, the parties would be unable to compel the attendance of nonparty witnesses, such as the individuals who were involved in or directed the salvage operations at LANL during which the alleged mercury exposure took place. JCNNM ceased to provide services at LANL in 2003, and the former JCNNM employees at LANL, if they remain employed at the site, are employed by others, including KSL. *See* Declaration of José A. Isasi, II, in Support of Motion to Transfer (Isasi Declaration) at ¶ 4. Therefore, the Defendants could not compel their attendance at trial. *See,* Fed. R. Civ. P. 45 (limiting the distance a witness may be compelled to attend a deposition or trial to 100 miles away from his or her residence). Without the testimony of these percipient witnesses, Defendants would be substantially deprived of proof in support of their defenses. Compulsory process of these witnesses will be available in New Mexico and the parties will be able to best secure witness attendance in that state. *See Reed v. Fina Oil and Chem. Co.,* 995 F. Supp. 705, 714 (E.D. Tex. 1998).

The convenience of the witnesses is viewed as one of the most important factors in the analysis of discretionary transfers. *Brandon Apparel Gr., Inc. v. Quitman Mfg. Co. Inc.,* 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999); *Palace Exploration Co. v. Petroleum Devel. Co.,* 316 F.3d 1110, 1121 (10th Cir. 2003). There appear to be no witnesses who reside in the Northern District of California; while virtually all known (and probable unknown) witnesses reside in New Mexico. Isasi Declaration at ¶ 10. As such, the convenience of the witnesses weighs heavily in favor of transferring this case to New Mexico.

2.  **The Evidence in This Case is in New Mexico.**

Ease of access to proof also favors transferring this case to New Mexico. *See, Van Dusen v. Barrack,* 376 U.S. 612, 643 (1964). First, the documentation regarding the 2000 fire, any

salvage operations in which Plaintiff participated and alleged injuries for which he sought treatment, will all be located in New Mexico. Documentation of JCNNM's services and operations at LANL has been retained at LANL for use by the successor contractor, KSL Services Joint Venture (KSL). Isasi Declaration at ¶ 4. Perhaps just as significantly, access to this proof is complicated by the fact that the incidents at issue occurred at a highly classified research laboratory which is one of this nation's most secure facilities. *Id.*, at ¶ 6. LANL is a Department of Energy research and manufacturing facility at which plutonium for nuclear weapons is processed and nuclear weapons are designed. *Id.* Discovery related to the premises, documentation of LANL operations, and other proof would first be reviewed by the Office of Laboratory Counsel (Lab Counsel), located in Los Alamos. *Id.*, at ¶ 7. Documentation of the fire alleged in the Complaint would almost certainly be located within LANL, and have to be reviewed by Lab Counsel, before any production would take place. *Id.* Subpoenas for these documents would have to be issued by the United States District Court for the District of New Mexico.

Plaintiff claims that he began to suffer from his injuries in or about January 2001, while still employed at LANL. First Amended Complaint at ¶ 7. If so, he likely sought treatment at either the LANL Occupational Medicine Clinic (referred to at LANL as "HSR-2") within the physical confines of LANL, or at Los Alamos Medical Center in the town of Las Alamos. Isasi Declaration at ¶ 7. Those records would also be located in New Mexico and also be the subject of subpoenas issued by the District Court of New Mexico.

Should the parties seek a F.R.Civ.P. Rule 35 examination of the premises at issue, this effort would also have to be coordinated with LANL. Access to LANL is severely restricted and the parties and their counsel could only view the premises while accompanied by individuals with security clearance; in some instances, only by individuals possessing the high level "Q" security clearance. Isasi Declaration at ¶ 8. Any notes taken by counsel while on site would have to be turned over to Lab Counsel for review to ensure no classified information is contained therein. *Id.* Even the simple act of obtaining photographs of the facilities is restricted. Only those Los Alamos employees with the proper clearance are permitted to take photographs, and those

photographs would also be subject to review by Lab Counsel before being provided to counsel to the parties. *Id.*

### 3. Plaintiff's Choice of Forum Should be Given Little Weight Because the Operative Facts Did Not Occur In The Northern District of California.

Since no events related to this litigation took place in the Northern District of California, Plaintiff's choice of forum should be given little weight in this case. "If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the Plaintiff's choice is entitled only to minimal consideration." *Specific Car & Boundary Co. v. Pence,* 403 F.2d 1949, 954 (9th Cir. 1968). *See also Sypert v. Miner,* 266 F.2d 196, 199 (7th Cir. 1959) (where personal injury action, which had been brought in federal court in Chicago, arose from an occurrence in Texas and numerous witnesses resided in Texas, transfer to the U.S. District Court in Dallas was not an abuse of discretion); *Southern Ry. Co. v. Madden,* 235 F.2d 198, 200-201 (4th Cir. 1956), *cert. den.* 352 U.S. 953, 77 S.Ct. 328 (where personal injury occurred in Charlotte, North Carolina, and witnesses to occurrence and hospital treatment in Charlotte lived there except one who had moved to West Virginia, and plaintiff lived as near to Charlotte as to Columbia, South Carolina where case was tried, it was not sound exercise of discretion to refuse transfer from District Court at Columbia for convenience of parties and witnesses).

### 4. The Federal Courts In New Mexico Will Be Most Familiar With The Applicable Law.

In the absence of an exhaustive choice of law analysis, it appears that New Mexico law will apply to the instant lawsuit. The events which give rise to this lawsuit, including the salvage work performed by plaintiff and the alleged resulting exposure to mercury, all occurred in New Mexico. Plaintiff apparently moved to California after his employment at LANL ended. No other state appears to have a nexus with this litigation. The District Court of New Mexico will be more familiar with New Mexico law, the state in which that court is located, than will courts of the Northern District of California. More specific to the present lawsuit, the District of New

Mexico will be more familiar with the difficulties in, and procedures related to, discovery of LANL. Isasi Declaration at ¶ 9.

### 5. There is No Local Interest In This Controversy.

The Northern District of California has no particular interest in this dispute; it involves no party resident in this Judicial District. However, the court in New Mexico have an interest in the safety of individuals employed at LANL. Plaintiff was a resident of New Mexico at the time he claims he was injured. Thus, not only is there no local interest in the Northern District of California, but in fact their exists an interest in the District to which the Defendants seek to transfer.

### 6. The District Court of New Mexico Moves Matters To Trial More Quickly Than The District Court For The Northern District of California.

The final factor in this Court's analysis is the relative court congestion and time to trial in each forum. Reports showing caseload statistics are available in the form of Judicial Caseload Profiles at the uscourt.gov website. Isasi Declaration at ¶ 11. Based upon these reports, the length of time from the filing of a civil action to trial over the last three years in the District of New Mexico and in the Northern District of California are as follows:

**Time From Filing Of Complaint To Trial (in months)**

| District Court | 2007 | 2006 | 2005 | 3 year average |
|---|---|---|---|---|
| **New Mexico** | 20.4 | 15.8 | 19.4 | **18.5 months** |
| **N.D. California** | 24.9 | 25.0 | 28.0 | **26.0 months** |

*Id.* This disparities between the two districts in time to trial are material, and significantly outweigh the much smaller difference between the time period from filing to disposition which slightly favors the Northern District of California. Thus, the final factor also weighs in favor of transfer to the District of New Mexico.

### IV. CONCLUSION

Transfer of venue in this matter would served the convenience of the parties, the convenience of the witnesses, and the interests of justice. There is simply no compelling contact

8

with the Northern District of California, and no just reason for this Court to maintain this action. This is particularly true given the difficulties the Defendants would be presented with in mounting their defense 1000 miles from the location of the events at issue, where in all likelihood all non-party witness and relevant documents can be found. For these reasons, Defendants' Motion to Transfer Venue pursuant to 28 U.S.C. §1404(a) should be granted.

Dated: April 16, 2008

GREENBERG TRAURIG, LLP

By: /s/ *signature*
José A. Isasi, II
Lisa L. Halko
Attorneys for Defendants
JOHNSON CONTROLS, INC., and
JOHNSON CONTROLS OF NORTHERN
NEW MEXICO, LLC

[Proposed]
**ORDER**

Good cause appearing, the Motion to Transfer this Matter Pursuant to 28 U.S.C. § 1404(a) is **GRANTED**, and this matter is transferred to the United States District Court for the District of New Mexico. This order is to take effect ten days after the entry of this Order

**IT IS SO ORDERED.**

Dated: _____

_____
Hon. Edward M. Chen, Magistrate Judge