GREENBERG TRAURIG, LLP
José A. Isasi, II
(admitted *pro hac vice*)
77 West Wacker Drive Suite 2500,
Chicago IL 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
isasij@gtlaw.com

Lisa L. Halko - SBN 148873
1201 K Street, Suite 1100
Sacramento, CA 95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
halkol@gtlaw.com

Attorneys for Defendants
Johnson Controls, Inc., and
Johnson Controls, Northern New Mexico, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA LEMANSKI,<br><br>　　Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; JOHNSON CONTROLS, INC., a Wisconsin corporation; and JOHNSON CONTROLS, NORTHERN NEW MEXICO, a New Mexico corporation,<br><br>　　Defendants. | CASE NO. C 08-00548 EMC ADR<br><br>**JOINT MOTION FOR RELIEF FROM ADR REFERRAL AND [PROPOSED] ORDER**<br><br>[ADR Local Rule 3-3(c)]<br><br>Assigned to:<br>Magistrate Judge Edward M. Chen |

## I. INTRODUCTION

The parties jointly request relief from this Court's ADR rules. Defendants' pending motion to dismiss may terminate the action. Defendants also intend to move to transfer venue pursuant to 28 U.S.C. § 1404(a). The parties agree that should this motion to transfer be granted, the ADR procedures should be governed by the court that will hear the trial of this action. To avoid waste of judicial resources, and to prevent futile acts, the parties request relief from the automatic assignment to this Court's ADR Multi-Option Program.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Defendants Johnson Controls of Northern New Mexico, LLC, ("JCNNM") and Johnson Controls, Inc. ("JCI") moved to dismiss this action under F.R.C.P. 12(b)(6), based on preemption by the Energy Employees Occupational Illinois Compensation Program Act ("EEOICPA"), 42 U.S.C. 7384, *et seq*. The pending motion to dismiss is set for hearing on April 23, 2008.

On April 9, 2008, the parties met and conferred regarding the defendant's intention to move to transfer venue to the United States District Court for the District of New Mexico. The defendants moved to transfer venue on April 16, 2008. The plaintiff has now agreed to consent to a motion to transfer venue.

Also on April 9, 2008, and as required by ADR Local Rule 3-5(a), the parties met and conferred regarding alternative dispute resolution. The parties agree that ADR decisions should be delayed until the Court decides the defendants' motion to dismiss and, if necessary, the motion to transfer venue.

## III. ARGUMENT

ADR Local Rule 3-3(a) permits any party to file with the assigned judge a motion for relief from automatic referral to the ADR Multi-Option Program.

Unless relieved of their obligations under the ADR Local Rules, the parties will be required to file documents with this Court's ADR Unit, which must then be reviewed and responded to by the ADR Unit, in preparation for ADR proceedings which are unlikely ever to occur. Should this matter be dismissed or transferred to the United States District Court for the District of New Mexico, the resources expended upon ADR proceedings will be for nothing.

### III. CONCLUSION

To prevent waste and futility, the parties request that they be excused from compliance with the ADR Local Rules until this Court has decided the defendants' motion to dismiss and, if necessary, the motion to transfer venue.

April 16, 2008							GREENBERG TRAURIG, LLP

									By: ____/s/____
									José A. Isasi, II
									Lisa L. Halko
									Attorneys for Defendants
									JOHNSON CONTROLS, INC., and
									JOHNSON CONTROLS, NORTHERN
									NEW MEXICO, LLC


April 16, 2008							SMITH, CHAPMAN & CAMPBELL



									By:_____/s/_____
									William D. Chapman
									Attorneys for Plaintiff, DANA LEMANSKI

# [Proposed]
## ORDER

Good cause appearing, the joint motion of the parties to be relieved from automatic referral to the ADR Multi-Option Program is **GRANTED**, and the parties are excused from compliance with ADR Local Rules. Should this court deny the defendants' pending motions to dismiss and to transfer venue, the parties shall comply with ADR Local Rules beginning 28 days after the order denying the motion to transfer venue or 28 days after the order denying the motion to dismiss, whichever is later.

**IT IS SO ORDERED.**

Dated: _____

Hon. Edward M. Chen, Magistrate Judge