GREENBERG TRAURIG, LLP
José A. Isasi, II
(admitted *pro hac vice*)
77 West Wacker Drive Suite 2500,
Chicago IL 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
isasij@gtlaw.com

Lisa L. Halko - SBN 148873
1201 K Street, Suite 1100
Sacramento, CA 95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
halkol@gtlaw.com

Attorneys for Defendants
Johnson Controls, Inc., and
Johnson Controls of Northern New Mexico, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA LEMANSKI,<br><br>    Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; JOHNSON CONTROLS, INC., a Wisconsin corporation; and JOHNSON CONTROLS, NORTHERN NEW MEXICO, a New Mexico corporation,<br><br>    Defendants. | CASE NO. C 08-00548 EMC ADR<br><br>**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO THE COURT'S STANDING ORDER**<br><br><br>Assigned to:<br>Magistrate Judge Edward M. Chen |

Plaintiff, Dana Lemanski and Defendants Johnson Controls of Northern New Mexico, LLC and Johnson Controls, Inc. hereby submit this Joint Case Management Statement to the Court:

## 1. JURISDICTION AND SERVICE:

Subject matter jurisdiction is proper in this action because the claim asserted in Plaintiff's First Amended Complaint is one which the federal district courts have original jurisdiction. Plaintiff's claim arises at least in part under the laws of the United States, including the Energy Employees Occupational Illness Compensation Program Act of 2000, as amended, 42 U.S.C. §§ 7384 *et seq.* Subject matter jurisdiction is therefore proper under 28 U.S.C. § 1441(b). This matter was timely and properly removed to this Court from the Superior Court for the State of California, County of Alameda. Plaintiff has indicated he will not seek remand of this matter, but reserves the right to do so if evidence proves a lack of jurisdiction. Additionally, with the entry of this Court's Order on March 6, 2008, dismissing Defendant Regents of the University of California from this matter, this Court has obtained diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff Dana Lemanski is a resident and citizen of the State of California; Defendant Johnson Controls of Northern New Mexico, LLC ("JCNNM") is a citizen of the State of New Mexico, the state in which it is incorporated, and Defendant Johnson Controls, Inc. ("JCI") is a citizen of the State of Wisconsin, the state in which it is incorporated. The matter in controversy in this action exceeds the sum or value of $75,000. All parties have been served.

A question exists concerning proper venue for this matter. This morning, the Defendants filed their Motion to Transfer this Matter Pursuant to 28 U.S.C. § 1404(a). This afternoon, plaintiff's counsel consented to a change of venue to the District Court of New Mexico.

## 2. FACTS:

Plaintiff claims in his lawsuit that he suffered serious and permanent personal injuries in or about January 2001, from mercury exposure at Los Alamos National Laboratory ("LANL"), located in Los Alamos, New Mexico. Plaintiff claims that at this time, he was present at LANL acting in the course and scope of his employment for Holmes & Narver, who it is alleged contracted with the Defendants to provide facility engineering services. Defendants are alleged to

have operated and maintained LANL. During the course of his employment, Plaintiff examined facilities at LANL which he claims were destroyed or damages during a fire in 2000. During these examinations, Plaintiff alleges he was exposed to mercury due to prior mercury spills at these facilities as well as from damaged instrumentation. Plaintiff claims to have suffered permanent personal injuries, lost earnings, lost earning capacity, pain and suffering, emotional distress, and loss of enjoyment of life. Defendants dispute Plaintiff's allegations.

The principle factual issues in dispute are the nature and scope of Plaintiff's alleged injuries (if any), the services and responsibilities, if any, of the Defendants at LANL, the existence of other parties potentially responsible for the Plaintiff's alleged injuries, and the date on which Plaintiff knew or should have known that his personal injuries were allegedly wrongfully caused for statute of limitations purposes.

3. **LEGAL ISSUES:**

Presently, there are several legal issues which have been identified by the parties:

   a. Whether or not Plaintiff's claims in this matter are barred entirely by the application of the Energy Employees Occupational Illness Compensation Program Act of 2000, as amended, 42 U.S.C. §§ 7384 *et seq.*;

   b. Whether Plaintiff has initiated this litigation prior to the expiration of the applicable statute of limitations;

   c. Whether this matter should be transferred to the U.S. District Court for the District of New Mexico, pursuant to 28 U.S.C. § 1404(a);

4. **MOTIONS:**

Presently, there are three motions pending:

   a. Defendants Motion to Dismiss pursuant to F.R.C.P. 12(b)(6);

   b. Joint Motion for Relief from ADR; and

   c. Defendants' Motion to Transfer Venue to the District of New Mexico.

5. **AMENDMENT OF PLEADINGS:**

At this time, Plaintiff does not anticipate further amendment of his complaint. Defendants have not yet answered the complaint due to the pending F.R.C.P. 12(b)(6) Motion to Dismiss.

/

6. **EVIDENCE PRESERVATION:**

Plaintiff has indicated he is in possession of certain evidence regarding his employment history and claims for lost earning capacity, which is being preserved. Plaintiff has further indicated that medical records pertaining to his claimed injuries are subject to statutory protection under California law for preservation. Defendants have little information likely to be relevant and discoverable in this matter, as most documentation and records remained at LANL after the conclusion of JCNNM's contract to provide services at LANL in 2003. What little information may exist within the possession of JCNNM is being preserved.

7. **DISCLOSURES:**

Due to the pending Motion to Dismiss, no disclosures have been made. The parties agree that, should Defendants' Motion to Dismiss be denied in whole or in part, disclosures will be automatically made twenty-eight days from the date of the entry of the Order of this Court denying the motion.

8. **DISCOVERY:**

No discovery has been conducted to date by agreement of the parties, and the parties agree that no discovery should take place until after the resolution of the pending Motion to Dismiss. Should the Motion to Dismiss be denied in part or completely, the Parties have agreed to promptly meet and confer regarding a discovery plan.

9. **CLASS ACTIONS:**

N/A

10. **RELATED CASES:**

N/A

11. **RELIEF:**

Plaintiff seeks monetary damages.

12. **SETTLEMENT AND ADR:**

The parties are in agreement that prospects for settlement are extremely limited until resolution of the motion to dismiss. *See also,* Joint Motion for Relief from ADR.

/

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

The parties have previously filed their written consents that this matter be referred to Magistrate Judge Chen for all purposes.

**14.    OTHER REFERENCES:**

The parties have not agreed on a reference of this matter to binding arbitration or a special master.

**15.    NARROWING OF ISSUES:**

At present, the parties believe it is too early to determine if there is agreement on any specific factual or legal issue.

**16.    EXPEDITED SCHEDULE:**

The parties are in agreement that this matter is not appropriate for an expedited schedule.

**17.    SCHEDULING:**

The parties are in agreement that further scheduling should be deferred until resolution of Defendants' motion to dismiss.

**18.    TRIAL:**

Plaintiff has filed a jury trial demand.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

Contemporaneously with this Case Management Statement, Defendants filed their "Certification of Interested Entities or Persons" required by Civil Local Rule 3.16. In addition, Plaintiff states that he is unaware of any persons or entities known to have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially effected by the outcome of the proceeding. Defendant Johnson Controls, Inc. and Johnson Controls of Northern New Mexico, LLC, state that on or about December, 2004, JCI sold to IAP Worldwide Services, Inc., all shares in Johnson Controls World Services, Inc. (JCWS). JCWS was the majority participant in the joint venture Johnson Controls of Northern New Mexico, LLC.

/

/

**20.     OTHER MATTERS:**

N/A

April 16, 2008                                    GREENBERG TRAURIG, LLP

By: _____/signature/_____
  José A. Isasi, II
  Lisa L. Halko
Attorneys for Defendants
JOHNSON CONTROLS, INC., and
JOHNSON CONTROLS OF NORTHERN
NEW MEXICO, LLC

April 16, 2008                                    SMITH, CHAPMAN & CAMPBELL

By:_____/s/_____
  William D. Chapman
  Robert J. Hadlock
Attorneys for Plaintiff,
DANA LEMANSKI