1  Steven C. Smith, Esq., SBN 116246
   William D. Chapman, Esq., SBN 100535
2  Robert J. Hadlock, Esq., SBN 174522
   SMITH, CHAPMAN & CAMPBELL
3  A Professional Law Corporation
   1800 North Broadway, Suite 200
4  Santa Ana, CA 92706
   Tel: (714) 550-7720 / Fax: (714) 550-1251
5

6  Attorneys for DANA LEMANSKI, Plaintiff

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

   DANA LEMANSKI                      )   Case No. C08-00548 EMC ADR
11                                     )
             Plaintiff,               )   Assigned to:  Hon. Edward M. Chen
12                                     )
        vs.                           )   Complaint Filed: 9/26/07
13                                     )   Trial Date: None Set
   JOHNSON CONTROLS, INC., a Wisconsin )
14 Corporation; JOHNSON CONTROLS      )   **SECOND AMENDED COMPLAINT**
   NORTHERN NEW MEXICO; and DOES 2    )
15 to 100, inclusive                  )   **DEMAND FOR JURY TRIAL**
                                       )
16           Defendants.              )
   ─────────────────────────────────── )
17

18 Plaintiff, DANA LEMANSKI, alleges:

19                        **PARTIES**

20      1.      Plaintiff is, and at all times relevant herein was, a resident of Orange County,

21 California.

22      2.      Plaintiff is informed and believes and thereon alleges that Defendant, JOHNSON

23 CONTROLS, INC., is, and at all times mentioned in this complaint was, a Wisconsin Corporation

24 doing business in all fifty states, including California.

25      3.      Plaintiff is informed and believes and thereon alleges  that Defendant, JOHNSON

26 CONTROLS NORTHERN NEW MEXICO, formerly named as Defendant DOE 1, is, and at all times

27 mentioned in this complaint was, a New Mexico company of unknown form doing business in New

28 Mexico.

4.      Plaintiff is ignorant of the true names and capacities of defendants sued in this complaint as DOES 2 to 100, inclusive, and therefore sues these defendants by these fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint, and that plaintiff's injuries as alleged in this complaint were proximately caused by the actions and/or omissions of these fictitiously named defendants.

5.      Plaintiff is informed and believes and thereon alleges that at all times mentioned in this complaint each of the defendants was the agent and employee of each of the remaining defendants, and in doing the things alleged in this complaint, was acting within the course of this agency and employment.

## GENERAL ALLEGATIONS

6.      This lawsuit arises out of serious and permanent injuries plaintiff began to suffer in or about January 2001, at business premises operated and maintained by the Regents of the University of California ("UC Regents"), known as Los Alamos National Laboratory ("LANL"), located in Los Alamos, New Mexico.  However, plaintiff's condition was not fully diagnosed until on or about September 27, 2005, at which time his doctor tested him for mercury poisoning for the first time.

7.      Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, were subcontracted by the UC Regents to perform certain operation and maintenance of the LANL's utility system and infrastructure, custodial services, waste removal, maintenance of roads and grounds, construction support and engineering services.  Plaintiff is further informed and believes and thereon alleges that designing, manufacturing, supplying and/or distributing instrumentation for LANL was never included in the above described subcontracts, nor was it part of their duties under the subcontracts to do so.  Additionally, Plaintiff is informed and believes and thereon alleges Defendant, JOHNSON CONTROLS, INC., had been responsible for designing, manufacturing, supplying and/or distributing instrumentation for LANL before it entered into the above described subcontracts, and continued to provide instrumentation after the aforestated subcontracts were taken over by Defendant, JOHNSON CONTROLS NORTHERN NEW MEXICO.

8.     At all relevant times and places herein, plaintiff was acting in the course and scope of his employment for Holmes & Narver, who contracted with Defendants to provide services, as a facility engineer.

9.     As part of plaintiff's job duties, he was required to perform decommissioning and salvage operations in various LANL facilities that required him to come in contact with areas where no other employees regularly went, including mechanical rooms, pipe trenches, pipe chases and duct chases. Plaintiff was also required to examine several burnt out facilities after a 2000 fire that destroyed or damaged certain buildings at LANL. Plaintiff is informed and believes and thereon alleges that these facilities contained old, damaged or destroyed instrumentation supplied by Defendants, and each of them, that contained mercury. Plaintiff was unaware and was never informed by Defendants, or any of them, that the facilities at which he was performing the decommissioning and/or salvage operations contained mercury-based instruments, or of the potential danger of mercury exposure from old, damaged and/or destroyed instrumentation. Plaintiff is informed and believes and on this information and belief alleges that Defendants, and each of them, knew or should have known of the dangers posed by the potential release of mercury into the environment from old, damaged or destroyed instrumentation with which Plaintiff would come into contact as part of his decommissioning and salvage operations.

10.     As a result of the aforementioned decommissioning and/or salvage operations plaintiff performed, Plaintiff is informed and believes and thereon alleges that he was exposed to significant amounts of mercury from old, damaged and/or destroyed instrumentation supplied by Defendants, and each of them, which caused plaintiff to suffer permanent personal injuries, including but not limited to, brain damage, fatigue, muscle weakness, gastrointestinal problems and other serious injuries. He has also suffered other damages including, but not limited to, lost earnings, loss of earning capacity, pain and suffering, emotional distress, and loss of enjoyment of life.

**FIRST CAUSE OF ACTION**

**(Negligence - Products Liability)**

**(Against All Defendants)**

Plaintiff repeats and realleges paragraphs 1 through 10 as if set forth in full.

11.     Based on the facts previously herein stated, above named Defendants, and each of them, owed a duty to Plaintiff to design, manufacture, assemble, market, distribute, install and/or otherwise make available instruments that were safe for Plaintiff to use and/or work near.

12.     Above named Defendants, and each of them, are liable for negligence toward Plaintiff because they failed to reasonably design, manufacture assemble, market, distribute, install and/or otherwise make available instruments that would safely allow Plaintiff to perform his job duties without being injured.

13.     Above named Defendants, and each of them, knew, or reasonably should have known, of the unreasonably dangerous condition of their instruments and the propensity to become dangerous in the condition they were in at the time of the aforestated incidents.  Above named Defendants, and each of them, failed to adequately warn Plaintiff of the foreseeable dangers associated with using and/or working near their equipment.

14.     As a direct and legal result of the aforestated tortious actions and/or omissions of above named Defendants, and each of them, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his nervous system and person, all of which has caused, and continues to cause, plaintiff great mental, physical, emotional, and nervous pain and suffering.  Plaintiff is informed and believes and thereon alleges that these injuries will result in permanent disability to him. As a result of these injuries, plaintiff has suffered general damages in an amount according to proof and in excess of the minimal jurisdictional limits of this court.

15.     As a further direct and legal result of the tortious actions and/or omissions of above named Defendants, and each of them, Plaintiff has incurred, and will continue to incur, medical and related expenses in an amount according to proof and in excess of the minimal jurisdictional limits of this court.

16.     As a further direct and legal result of the aforestated tortious actions and/or omissions of above named Defendants, and each of them, Plaintiff's earning capacity has been and will be greatly impaired, both in the past and present in an amount according to proof and in excess of the minimal jurisdictional limits of this court.

///

## SECOND CAUSE OF ACTION

### (Strict Products Liability - Defective Design)

### (Against All Defendants)

Plaintiff repeats and realleges paragraphs 1 through 16 as if set forth in full.

17.    Based on the facts previously herein stated, Defendants, and each of them, are liable for strict products liability toward Plaintiff because they violated the duty they owed to him, as stated above, by designing, manufacturing, assembling, marketing, distributing, and/or releasing into the stream of commerce defective instruments, as detailed above.

18.    Defendants, and each of them, knew or should have known that their instruments were defective because, among other things, they contained mercury to which persons could be exposed and injured if the instruments became damaged or destroyed.

19.    It was reasonably foreseeable that Plaintiff would Plaintiff to use and/or work near the instruments manufactured and/or distributed by Defendants, and each of them, without inspecting it for defects.

20.    As a direct and legal result of the defective design of the instruments manufactured and/or distributed by Defendants, and each of them, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his nervous system and person, all of which injuries have caused, and continue to cause, Plaintiff great mental, physical, emotional, and nervous pain and suffering.  Plaintiff is informed and believes and thereon alleges that these injuries will result in permanent disability to him.  As a result of these injuries, plaintiff has suffered general damages in an amount according to proof and in excess of the minimal jurisdictional limits of this court.

21.    As a further direct and legal result of the of the defective design of the instruments manufactured and/or distributed by Defendants, and each of them, Plaintiff has incurred, and will continue to incur, medical and related expenses in an amount according to proof and in excess of the minimal jurisdictional limits of this court.

22.    As a further direct and legal result of the of the defective design of the instruments manufactured and/or distributed by above named Defendants, and each of them, Plaintiff's earning

///

1   capacity has been and will be greatly impaired, both in the past and present in an amount according

2   to proof and in excess of the minimal jurisdictional limits of this court.

3         23.    Plaintiff is informed and believes and thereon alleges that in designing, manufacturing

4   assembling, marketing, distributing, and/or releasing into the stream of commerce defective

5   instruments, as previously alleged, above named Defendants, and each of them, acted in conscious

6   disregard for Plaintiff's personal safety, thus justifying an award of punitive damages sufficient to

7   punish above named Defendants' actions and deter any such future actions.

## THIRD CAUSE OF ACTION

### (Strict Products Liability - Failure to Warn)

### (Against All Defendants)

11       Plaintiff repeats and realleges paragraphs 1 through 23 as if set forth in full.

12         24.    Based on the facts previously herein stated, Defendants, and each of them, are liable

13   for strict products liability toward Plaintiff because they failed to adequately warn, instruct, label,

14   advise and/or inform the users of said product of the inherent danger embodied in the design and

15   manufacture of said product, in that, among other things, they contained mercury to which persons

16   could be exposed and injured if the instruments became damaged or destroyed.

17         25.    As a direct and legal result of the failure of Defendants, and each of them, to properly

18   warn of the potential dangers their products posed, Plaintiff was hurt and injured in his health,

19   strength, and activity, sustaining injury to his nervous system and person, all of which injuries have

20   caused, and continue to cause, plaintiff great mental, physical, emotional, and nervous pain and

21   suffering.  Plaintiff is informed and believes and thereon alleges that these injuries will result in

22   permanent disability to him.  As a result of these injuries, plaintiff has suffered general damages in

23   an amount according to proof and in excess of the minimal jurisdictional limits of this court.

24         26.    As a further direct and legal result of the failure of Defendants, and each of them, to

25   properly warn of the potential dangers their products posed, Plaintiff has incurred, and will continue

26   to incur, medical and related expenses in an amount according to proof and in excess of the minimal

27   jurisdictional limits of this court.

28   ///

27.    As a further direct and legal result of the failure of Defendants, and each of them, to properly warn of the potential dangers their products posed, Plaintiff's earning capacity has been and will be greatly impaired, both in the past and present in an amount according to proof and in excess of the minimal jurisdictional limits of this court.

28.    Plaintiff is informed and believes and thereon alleges that in failing to adequately warn, instruct, label, advise and/or inform the users of said product of the inherent danger embodied in the design and manufacture of said products, as previously alleged, Defendants, and each of them, acted in conscious disregard for Plaintiff's personal safety, thus justifying an award of punitive damages sufficient to punish Defendants' actions and deter any such future actions.

WHEREFORE, Plaintiff prays judgment against defendants, and each of them, as follows:

1.    For medical and related expenses according to proof;

2.    For lost earnings, past and future, according to proof;

3.    For pain and suffering, past and future;

4.    For mental anguish, past and future;

5.    For emotional distress, past and future;

6.    For of the enjoyment of life, past and future;

7.    For all other general and special damages according to proof;

8.    For Punitive Damages as to the Second and Third Causes of Action;

9.    For interest as allowed by law;

10.    For costs of suit incurred herein; and

11.    For such other and further relief as the court may deem proper.

DATED: May 28, 2008                          SMITH, CHAPMAN & CAMPBELL,
                                             A Professional Law Corporation



                                             ROBERT  J.  HADLOCK,  Attorneys  for
                                             Plaintiff, DANA LEMANSKI

///

1    Plaintiff DANA LEMANSKI hereby demands a trial by jury.

2

3    DATED: May 28, 2008                          SMITH, CHAPMAN & CAMPBELL
                                                   A Professional Law Corporation
4

5

6                                                  ROBERT  J.  HADLOCK,  Attorneys  for
                                                   Plaintiff, DANA LEMANSKI
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

SECOND AMENDED COMPLAINT

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the county of Orange State of California. I am over the age of 18 and not a party to the within action; my business address is **1800 North Broadway, Suite 200, Santa Ana, CA 92706**

On May 28, 2008, I served the foregoing document described as SECOND AMENDED COMPLAINT DEMAND FOR JURY TRIAL on the interested parties in this action.
[x ]    by placing the true copies thereof enclosed in sealed envelopes addressed to:

| | |
|---|---|
| Michael T. Lucey, Esq.<br>Michael A. Laurenson Esq.<br>Gordon & Rees LLP<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111<br>(415) 986-5900 / fax (415) 986-8054<br>wbh@hanley-law.com | Jose A. Isasi, II, Esq.<br>Greenberg, Taurig LLP<br>77 West Wacker Drive, Suite 2500<br>Chicago, IL 60601<br>(312) 476-5127 / fax (312) 899-0362<br>isasij@gtlaw.com |

[ ]    by placing the original thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

[ ]    **(BY PERSONAL SERVICE)**
I caused for personal delivery of envelope by hand.
[ x ]    **(BY MAIL)**

[_]    I deposited such envelopes in the mail at Santa Ana, California. The envelopes were mailed with postage thereon fully prepaid.
[ x ]    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **(BY FACSIMILE and/or EMAIL)** I sent such document via facsimile or machine to each person on the attached mailing list. The facsimile machine I used complied with Rule 2003, and the transmission was reported as complete and without error on **May 28, 2008** before 5:00 p.m.

[ ]    **(BY OVERNIGHT COURIER)**
**I deposited such document into a Federal Express Drop Box in Santa Ana, California before the pick up cutoff time of 4:45 for delivery the next business day to the addressee(s) listed above.**

**[X] By ELECTRONIC FILE TRANSER TO ECF FILE & SERVE:** By transmitting a true copy of the document(s) listed above for service on all parties in this case pursuant to applicable statutes, local rules and/or order of the Court.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Date: May 28, 2008

Dolores Cerecedes

2