GREENBERG TRAURIG, LLP
José A. Isasi, II
(Admitted *pro hac vice*)
77 West Wacker Drive Suite 2500,
Chicago IL 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
isasij@gtlaw.com

Lisa L. Halko - SBN 148873
1201 K Street, Suite 1100
Sacramento, CA 95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
halkol@gtlaw.com

Attorneys for Defendants
Johnson Controls, Inc., and
Johnson Controls of Northern New Mexico, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA LEMANSKI,<br><br>    Plaintiff,<br><br>v.<br><br>JOHNSON CONTROLS, INC., a Wisconsin Corporation; JOHNSON CONTROLS, NORTHERN NEW MEXICO, and DOES 2 to 100, inclusive,<br><br>    Defendants. | CASE NO. C 08-00548 EMC<br><br>**DEFENDANTS JOHNSON CONTROLS, INC.'S AND JOHNSON CONTROLS OF NORTHERN NEW MEXICO, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) AND FOR MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(e); POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:  August 13, 2008<br>Time:  10:30 a.m.<br>Dept.  C. 15th Floor<br><br>Assigned to:<br>Magistrate Judge Edward M. Chen |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 13, 2008, at 10:30 a.m. in Courtroom C, 15th Floor, located at 450 Golden Gate Ave., San Francisco, California, Defendants Johnson Controls, Inc. and Johnson Controls of Northern New Mexico, LLC will and hereby do move

the Court to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

This motion is based upon the Notice of Motion, the Points and Authorities in Support of the Motion, the file in this action, and any other matters the Courts may properly consider.

## POINTS AND AUTHORITIES

## I

## INTRODUCTION

Defendants Johnson Controls, Inc. ("JCI") and Johnson Controls of Northern New Mexico, LLC, ("JCNNM") (incorrectly sued as "Johnson Controls, Northern New Mexico") (collectively, "Defendants") by and through their attorneys, Greenberg Traurig, LLP, move to dismiss this action in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) and in the alternative, separately and severally move this Court pursuant to Federal Rule of Civil Procedure 12(e) that Plaintiff be ordered to furnish a more definite statement with respect to the matters alleged in Second Amended Complaint because the Defendants cannot answer the complaint in its present form.

Plaintiff's Second Amended Complaint was filed after this Court dismissed the First Amended Complaint. In so dismissing, the Court found Plaintiff's exclusive remedy for injuries arising from toxic exposures at the Los Alamos National Laboratory in Los Alamos, New Mexico ("LANL") was under the Energy Employees Occupational Illness Compensation Program Act ("EEOICPA" or "Act"). The Second Amended Complaint continues to allege that due to Plaintiff's exposure at LANL to a toxic substance, he suffered personal injuries. Plaintiff's attempt to plead around the Act fails as a matter of law. Even if this Court were to conclude otherwise, Plaintiff's vague and ambiguous allegations about "instrumentation" which allegedly caused his injuries make it impossible for the Defendants to frame a responsive pleading. Thus, Plaintiff's Second Amended Complaint should be dismissed with prejudice, or in the alternative, this Court should order Plaintiff to make a more definite statement regarding the "instrumentation" he claims allegedly cause his injuries.

## II

## PROCEDURAL HISTORY AND STATEMENT OF FACTS[1]

This lawsuit already possesses a full history. On January 17, 2008, Plaintiff filed his First Amended Complaint ("FAC"), which was timely removed by Johnson Controls of Northern New Mexico. Shortly thereafter, the Defendants moved to dismiss the FAC, arguing that Plaintiff's claims were preempted under the exclusive remedy provision of the EEOICPA. On May 14, 2008, after full briefing and a hearing on the Defendants' Motion to Dismiss, this Court entered an Order granting the motion. The Court found that <u>all</u> of the claims asserted against the Defendants in the FAC were subject to the exclusive remedy provisions of the Act. Plaintiff had argued that his products liability claims, the same claims asserted in the Second Amended Complaint, were not preempted, because he was suing the Defendants not in their capacity as contractors or subcontractors at LANL (whose liability would be limited and executively addressed under the Act) but in their capacities as manufacturers and distributors of defective products. The Court found this argument "not persuasive," holding that:

> While the FAC does include an allegation that "defendants" (presumably including Johnson) manufactured or distributed defective instruments (defective because they contained mercury to which persons could be exposed and injured if the instruments became damaged or destroyed) which caused injury to Mr. Lemanski while he was working at LANL, *see* FAC ¶¶ 31-32, if those instruments were at LANL in conjunction with Johnson's providing services as a contractor or subcontractor, the exclusivity provision applies.
> 
> *See* Order of 5/14/2008 at 5 (footnote omitted).

On May 28, 2008, Plaintiff filed his Second Amended Complaint ("SAC"). Virtually all the paragraphs of the SAC are identical to those of the FAC. For example, he continues to alleged was an employee for an entity called Holmes & Narver which had a contract with the Defendants to serve as a facility engineer at Los Alamos National Laboratory ("LANL"). (Second Amended Complaint, ¶¶ 8). While Plaintiff's complaint does not specify the time of his employment at LANL, plaintiff continues to claim to have suffered his injuries beginning in

---

[1] Unless otherwise indicated, the factual background is taken from the allegations of Plaintiff's Second Amended Complaint.

or about January 2001. (*Id.* at ¶ 6). Plaintiff continues to alleges that during the relevant time period LANL was operated and maintained by each of the Defendants. (*Id.* at ¶ 7). Plaintiff continues to allege that as part of his job duties, he performed decommissioning and salvage operations in various LANL facilities. (*Id.* at ¶ 9). Additionally, Plaintiff alleges that a potential danger of mercury exposure existed from "damaged or destroyed instrumentation" at the facilities at LANL. (*Id.*) Finally, Plaintiff continues to allege that as a result of the decommissioning and salvage operations the he engaged in at LANL, he was exposed to mercury, which caused his permanent injuries. (*Id.* at ¶ 10).

The most significant change between the FAC and the SAC is the inclusion of paragraph 7, which did not appear in the FAC. That paragraph reads in its entirety:

> 7. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, were subcontracted by the UC Regents to perform certain operation and maintenance of the LANL's utility system and infrastructure, custodial services, waste removal, maintenance of roads and grounds, construction support and engineering services. Plaintiff is further informed and believes and thereon alleges that designing, manufacturing, supplying and/or distributing instrumentation for LANL was never included in the above described subcontracts, nor was it part of their duties under the subcontracts to do so. Additionally, Plaintiff is informed and believes and thereon alleges Defendant, JOHNSON CONTROLS, INC., had been responsible for designing, manufacturing, supplying and/or distributing instrumentation for LANL before it entered into the above described subcontracts, and continued to provide instrumentation after the aforestated subcontracts were taken over by Defendant, JOHNSON CONTROLS NORTHERN NEW MEXICO.

This paragraph is a clear, though ultimately fruitless, attempt to "plead around" the deficiencies identified by this Court in its 5/14/08 Order. Setting aside for the present time how a Plaintiff who lacks essential information about what "damaged instrumentation" injured him (see section III. B. *infra*) can nevertheless know that supplying this instrumentation "was never included in the above described subcontracts, nor was it part of [the Defendants] duties under the subcontracts to do so," when the complaint is read as a whole, the Plaintiff's claims are still preempted.

///

///

///

# III

# ARGUMENT

## A. THE EEOICPA PREEMPTS THE PLAINTIFF'S CAUSES OF ACTION

### 1. Standard On A Motion To Dismiss.

Under Rule 12(b)(6), a plaintiff's claims or entire complaint may be dismissed by the court for "failure to state a claim upon which relief can be granted." Rule 12(b)(6). *See, e.g. Jack Russell Terrier Network of N. Cal v. Am. Kennel Club*, 407 F.3d 1027, 1032 (9th Cir. 2005). Dismissal is proper under Federal Rule of Civil Procedure 12(b)(6) when the plaintiff is not entitled to any relief under any set of facts provable under the claim. *See H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff, (2) accept all well-pleaded factual allegations as true, and (3) determine whether plaintiff can provide any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

### 2. The Energy Employees Occupational Illness Compensation Program Act Of 2000.[2]

In 2000, Congress enacted the Energy Employees Occupational Illness Compensation Program Act, 42 U.S.C. § 7384 *et. seq.* ("EEOICPA" or "the Act"). Congress established in § 7385c, entitled "Exclusivity of Remedy Against the United States and Against Contractors and Subcontractors," that the sole liability for parties such as the Defendants would be found under the Act:

///

///

---

[2] This portion of the Defendants' argument focuses on the aspects of the EEOICPA implicated by the revisions made by Plaintiff in the SAC. For a more complete discussion of the Act, please see Defendants Motion to Dismiss filed February 7, 2008 (at pp. 3-6) and Defendants Reply Ins Support of Their Motion to Dismiss filed on April 9, 2008 (at pp. 2-5) Defendants incorporate those discussions by reference for the purposes of this Motion.

>   (a) The liability of the United States or instrumentality of the United States under this subchapter . . . is exclusive and instead of all other liability -
>
>   (1) of . . .
>
>   (C) a contractor that contracted with the Department of Energy to provide management and operation, management and integration, or environmental remediation of a Department of Energy facility (in its capacity as contractor);
>
>   (D) a subcontractor that provided services, including construction, at a Department of Energy facility (in its capacity as a subcontractor) . . .
>
>   (2) to--
>
>   (A) the covered employee . . . .

See 42 U.S.C. § 7385c.

In 2004, Congress amended the EEOICPA with the addition of Part E (referenced in subsection "(d)" above), further clarifying the scope of the exclusivity provisions of the Act. A "covered employee" includes "any Department of Energy contractor employee determined under § 7385s-4 of this title to have contracted a covered illness through exposure at a Department of Energy facility." 42 U.S.C. § 7385s(1). The regulations promulgated pursuant to the Act define a DOE facility to mean "any building, structure, or premise, including the grounds on which such building, structure, or premise is located." 20 C.F.R. § 30.5(x)(1).

In his SAC, Plaintiff has not modified any of the allegations from the FAC related to his status as a "covered employee"[3], or relating to his "illness"[4] resulting from toxic exposure at a "building [or] structure" at a DOE facility. He thus concedes again that his claim would be subject to the EEOICPA. The only question before this Court, then, is whether the allegations

---

[3] See also, 20 C.F.R. § 30.5(w)(2)(ii) (a DOE contractor employee includes "[a]n individual who is or was employed at a DOE facility by a contractor or subcontractor that provided services, including construction and maintenance, at the facility"). The Department of Energy has categorized LANL as a DOE facility for the purposes of the Act. See Energy Employees Occupational Illness Compensation Program Act of 2000; Revision to List of Covered Facilities, 69 Fed. Reg. 51825 (Aug. 23, 2004).

[4] A "covered illness" under the EEOICPA is "any illness resulting from exposure to a toxic substance" 42 U.S.C. § 7385s(2). See also, 20 C.F.R. § 30.5(r) ("covered illness means, under Part E of the Act relating to exposures at a DOE facility or a RECA § 5 facility, an illness or death resulting from exposure to a toxic substance"); a toxic substance is "any material that has the potential to cause illness or death because of its radioactive, chemical, or biological nature." Id. at § 30.5(ii).

in paragraph 7 of the SAC, which did not appear in FAC, have addressed the deficiencies in the FAC and thus remove his claims from the ambit of the Act. As demonstrated below, these allegations remain legally insufficient.

### 3. Plaintiff's Revised Allegations Do Not Alter The Fact His Claims Are Covered Exclusively Under The EEOICPA.

As noted above, paragraph 7 of the SAC attempts to address the defects related to the allegedly defective instrumentation purportedly supplied by the Defendants to LANL. Therefore, the sole question before this Court on the issue of the legal sufficiency of the SAC is whether it continues to allege the " . . . instruments were at LANL in conjunction with Johnson's providing services as a contractor or subcontractor," in which case, "the exclusivity provision applies." *See* Order of 5/14/2008 at 5 (footnote omitted).

The critical phrase from paragraph 7 of the SAC reads as follows: "Plaintiff is further informed and believes and thereon alleges that designing, manufacturing, supplying and/or distributing instrumentation for LANL was never included in the above described subcontracts, nor was it part of their duties under the subcontracts to do so." SAC at ¶ 7. Even assuming for the purposes of this Motion this statement is true, the Plaintiff has not cured the defect from his FAC. First, the SAC must be read as a whole. In the very same paragraph as quoted above, the SAC alleges that, "Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, were subcontracted by the UC Regents to perform certain operation and maintenance of the LANL's utility system and infrastructure, custodial services, waste removal, maintenance of roads and grounds, construction support and engineering services." Whether or not the subcontracts originally required the Defendants to provide "instrumentation" at LANL is not the relevant inquiry.

As this Court has held, even if the instrumentation was provided "in conjunction with" the Defendants' role as contractor or subcontractor at LANL, the exclusive remedy applies. The SAC continues to allege this instrumentation was supplied in conjunction with a contract or subcontract for, "operation and maintenance . . . [including]

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) AND FOR MORE DEFINITE STATEMENT PURSUANT TO 12(e); POINTS AND AUTHORITIES IN SUPPORT

construction support and engineering services." *Id.* It does not allege that the instrumentation was supplied pursuant to some other agreement for other services NOT related to LANL. For example, the SAC does not allege the instrumentation was actually supplied to a third party pursuant to an unrelated agreement, which then supplied it directly to LANL.[5]

It should again be noted that dismissal does not harm the Plaintiff, because the EEOICPA sets no limitation period for the submission of a claim to the Department of Labor pursuant to section 7385s-4. This is in contrast to the potentially applicable statute of limitations for the State law claims brought by Plaintiff. Here, Plaintiff alleges his injuries began "in or about January 2001," yet this suit was not filed until September of 2007.

**B.  Alternatively, Plaintiff's Allegations Regarding "Instrumentation" Are So Vague They Require The Filing Of A More Definite Statement.**

Even should this Court conclude that some portion of Plaintiff's Second Amended Complaint states a cause of action which is not subject to the exclusive remedy provisions of EEOICPA, Plaintiff's SAC is still legally deficient. Plaintiff purports to assert three causes of action which sound in "products liability." As best as can be determined from the allegations of the Plaintiff's Complaint, the products at issue are some form of "instrumentation" present at LANL and destroyed or damaged during a 2000 fire. The only other detail provided about this "instrumentation" was that the instrumentation was supplied by each of the Defendants and that it contained mercury. *See*, SAC at ¶ 9. Plaintiff alleges the injuries of which he complains were due to mercury exposure.

These allegations regarding "instrumentation" are so vague and ambiguous that the Defendants cannot possibly prepare a fair and good faith response to the Complaint. Thus, the Defendants ask this Court to require the Plaintiff to make a more definite statement about this

---

[5] The SAC draws one distinction between the defendants in paragraph 7, alleging that Johnson Controls, Inc. supplied instrumentation before it entered in the "above described subcontracts." It does not allege, however, that the instrumentation was not supplied pursuant to some contract or subcontract at LANL, and the only fair reading is that any "instrumentation" was provided pursuant to some other services contract.

alleged "instrumentation." *See*, F.R.Civ.P. 12(e) "[i]f a pleading... is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement[.]" *See also, Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998 (2002) ("if a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.") "A motion for a more definite statement is proper if 'defendant cannot frame a responsive pleading.'" *Hillblom v. County of Fresno*, 539 F. Supp. 1192, 1202 (E.D. Cal. 2008), quoting *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981). *See also, Boxall v. Sequoia Union High School District*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979).

"Confusing complaints impose an unfair burden on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996). As presently plead, the SAC is unintelligible on the critical question of what alleged product injured Plaintiff and who provided that product to LANL. First, Plaintiff provides only the vaguest of product identifications -- "instrumentation," in the allegations of the SAC. Second, even though two different defendants and at least three different time periods are referenced within the SAC (the time before allegedly JCI began providing services under the "aforestated subcontracts," the time period during which JCI allegedly provided services under the "aforestated subcontracts," and the time period during which JCNNM allegedly provided services under the "aforestated subcontracts," *see* SAC at ¶ 7) no distinctions are made between Defendants or "instrumentation." The vagueness of these allegations is all the more striking given the fact that while Plaintiff apparently cannot identify any particular instrument at issue, he nevertheless apparently possesses a good faith belief that whatever this "instrumentation" was, it contained mercury.

Here, the Plaintiff has made a functional equivalent of alleging that "things" were supplied by the Defendants and these "things" contained mercury. Plaintiff's use of "instrumentation" is no more descriptive in this context than had Plaintiffs simply said "things." Even under F.R.Civ.R. 8's more liberal notice pleading standard, a plaintiff must do more.

Plaintiff must provide better notice than "instrumentation" in order to pursue a products liability cause of action. The Defendants should be advised as to what type of "instrumentation" provided by which Defendant was purportedly present at LANL and contributed to Plaintiff's alleged injuries. This is all the more significant given that in both the original and Plaintiff's First Amended Complaint, Plaintiff contended that the burnt-out facilities at which he conducted salvage operations had been the site of prior mercury spills (distinct from any exposure allegedly from the "instrumentation") and that due to these prior spills he had been exposed to significant amounts of mercury. *See*, FAC at ¶¶ 9-10. If Plaintiff indeed possesses a good faith belief that <u>something</u> produced by one of the Defendants caused his injury, he must provide a more definite description of what those items are and who produced them. "[I]f the claim is unclear, the court should require a plaintiff to prepare a more definite statement under Rule 12(e) instead of lavishing attention on the complaint until the plaintiff gets it just right.'" *Scott v. City of Chicago*, 195 F.3d 950, 952 (7th Cir. 1999) (citing *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)).

## IV

## CONCLUSION

Taking all the well-pleaded facts in his Second Amended Complaint as true, Plaintiff's remaining claim for injuries arising from the toxic exposure to mercury at the Los Alamos National Labs still must be brought under the Energy Employees Occupational Illness Compensation Act. This is the exclusive remedy of Plaintiff's claim against contractors and subcontractors providing services at Department of Energy facilities such as Los Alamos National Labs. Under the EEOICPA, Plaintiff cannot state a cause of action for state law claims against Johnson Controls, Inc. or Johnson Controls of Northern New Mexico. Since this Court previously dismissed the FAC because it found the claims alleged therein were preempted and provided the Plaintiff with another opportunity to address this deficiency, his claims should now be dismissed with prejudice. Alternatively, if this Court concludes that any portion of the SAC survives the exclusive remedy provision of the EEOICPA, Plaintiff should

1  be required to provide a more definite statement concerning the alleged "instrumentation"
2  which caused the complained-of injuries.

3  June 16, 2008                                      Respectfully submitted,
4
                                                      GREENBERG TRAURIG, LLP
5
6
                                                      By: _____
7                                                         José A. Isasi, II
                                                          Lisa L. Halko
8
9                                                     Attorneys for Defendants
                                                      JOHNSON CONTROLS, INC., and
10                                                    JOHNSON CONTROLS OF NORTHERN
                                                      NEW MEXICO, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF SERVICE

I am a citizen of the United States, over the age of 18 years, and not a party to or interested in this action. I am an employee of Greenberg Traurig LLP, and my business address is 1201 K Street, Suite 1100, Sacramento, CA 95814. On this day I caused to be served the following document(s):

**MOTION OF JOHNSON CONTROLS OF NORTHERN NEW MEXICO LLC TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

☒ By placing a true copy, in a sealed envelope, with postage fully prepaid, in the United States Post Office mail at Sacramento, California, addressed as set forth below. I am familiar with this firm's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mail box after the close of the day's business.

☐ By personal delivery of a true copy to the person and at the address set forth below.

☐ By Federal Express Mail to the person and at the address set forth below.

☒ By transmitting a true copy by facsimile to the person and at the facsimile number set forth below.

Steve C. Smith                              *Attorney for Plaintiff*
William D. Chapman
Robert J. Hadlock
SMITH, CHAPMAN & CAMPBELL
1800 North Broadway, Suite 200
Santa Ana, CA 92706
(714) 550-7720
(714) 550-1251 fax

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on *June 16, 2008,* at Sacramento, California.

IVONE CUYUN

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) AND FOR MORE DEFINITE STATEMENT PURSUANT TO 12(e); POINTS AND AUTHORITIES IN SUPPORT