United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA LEMANSKI,<br><br>  Plaintiff,<br><br>  v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, *et al.*,<br><br>  Defendants.<br>_____/ | No. C-08-0548 EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT; AND GRANTING DEFENDANTS' MOTION TO TRANSFER**<br><br>**(Docket Nos. 34, 45)** |

Previously, Defendants Johnson Controls, Inc. and Johnson Controls of Northern New Mexico, LLC (collectively "Johnson") filed a motion to dismiss Plaintiff Dana Lemanski's first amended complaint, which the Court granted on May 14, 2008. *See* Docket No. 43 (order). In the order, the Court held that the claims asserted by Mr. Lemanski were subject to the exclusivity provision of the Energy Employees' Occupational Illness Compensation Program Act ("EEOICPA"). The Court, however, gave Mr. Lemanski leave to amend his complaint.

Mr. Lemanski thereafter filed a second amended complaint ("SAC"), which Johnson now challenges through another motion to dismiss and a motion for a more definite statement. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel and all other evidence of record, the Court hereby **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss and **GRANTS** the motion for a more definite statement. In addition, pursuant to the stipulation of the parties, the Court hereby orders that the case be transferred to the District of New Mexico.

# I. DISCUSSION

## A. Motion to Dismiss

Under Rule 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996).

In the instant case, Johnson's contends that Mr. Shaw has failed to state a claim for relief because, even if the Court takes all of the allegations in the SAC as true, all claims are subject to the Energy Employees' Occupational Illness Compensation Program Act ("EEOICPA").

As the Court held in its previous order, the exclusivity provision of the EEOICPA applies only to liability of

> (C)  a contractor that contracted with the Department of Energy to provide management and operation, management and integration, or environmental remediation of a Department of Energy facility (*in its capacity as a contractor*); [or]
>
> (D)  a subcontractor that provided services, including construction, at a Department of Energy facility (*in its capacity as a subcontractor*) . . . .

42 U.S.C. § 7385c(a)(1) (emphasis added).

The issue in the instant case is whether the allegedly wrongful conduct by Johnson was undertaken in performance in its role as a subcontractor that provided "services" at the LANL or that provided "management and operation, management and integration, or environmental remediate" of the LANL. If so, the exclusivity provision applies. *See also* Docket No. 43 (Order at 5) ("[I]f those instruments were at the LANL in conjunction with Johnson's providing services as a . . . subcontractor, the exclusivity provision applies.").

The SAC, like the first amended complaint ("FAC"), alleges that the Regents of the University of California operated and maintained the Los Alamos National Laboratory ("LANL"), *see* SAC ¶ 6, and that Johnson was "subcontracted by the UC Regents to perform operation and

1  maintenance of the LANL's utility system and infrastructure, custodial services, waste removal,

2  maintenance of roads and grounds, construction support and engineering services." *Id.* ¶ 7. The

3  SAC alleges further that he was injured because the LANL "contained old, damaged or destroyed

4  instrumentation supplied by [Johnson] . . . that contained mercury." *Id.* ¶ 9. More significantly, the

5  SAC contains new allegations:

> Plaintiff is . . . informed and believes and thereon alleges that designing, manufacturing, supplying and/or distributing instrumentation for LANL was never included in the above described subcontracts, nor was it part of their duties under the subcontracts to do so. Additionally, Plaintiff is informed and believes and thereon alleges Defendant, JOHNSON CONTROLS, INC., had been responsible for designing, manufacturing, supplying and/or distributing instrumentation for LANL before it entered into the above described subcontracts, and continued to provide instrumentation after the aforestated subcontracts were taken over by Defendant, JOHNSON CONTROLS NORTHERN NEW MEXICO.

12 *Id.* ¶ 7. In essence, Plaintiff contends to offending instruments were supplied by Johnson Controls,

13 Inc. in a capacity distinct from that of its role as a subcontractor providing operation and

14 maintenance services.

15  Johnson argues that allegation that Johnson Controls, Inc. supplied instruments *before* the

16 subcontracts at issue and that it continued to supply instruments *after* the subcontracts at issue were

17 taken over by the other Defendant, Johnson Controls of Northern New Mexico, LLC does not take

18 the claim out of EEOICPA. In footnote 5 of its motion, Johnson argues that the complaint does not

19 state that "the instrumentation was not supplied pursuant to some contract or subcontract at LANL,

20 and the only fair reading is that any 'instrumentation' was provided pursuant to some other services

21 contract." Mot. at 8 n.5. Why that is the only fair reading is unexplained. At this stage, any

22 inference must be drawn in favor of Mr. Lemanski, not Johnson. *See Cahill v. Liberty Mut. Ins. Co.*,

23 80 F.3d 336, 340 (9th Cir. 1996) (stating that all material allegations of the complaint are taken as

24 true and construed in the light most favorable to the nonmoving party). The complaint can fairly be

25 read as alleging the instruments were not supplied as part of another service contract.

26  At the hearing, Johnson refined its argument and contended that even the mere supplying of

27 instruments (as alleged in the second amended complaint) should still be considered a "service"

28 within the meaning of the exclusivity provision of EEOICPA. The Court finds this a strained and

3

implausible interpretation of the statutory language.  There is a difference between providing a "service" and providing a "product."  Congress could have but did not refer to "products" in the exclusivity provision, choosing instead to exempt a contract for "services" only.  Again, the inferences at this stage must be drawn in Plaintiff's favor.  Merely designing, supplying, distributing or manufacturing an instrument for the LANL without being tied to *e.g.*, a maintenance or operation contract would appear not to constitute "services" under the EEOICPA.  Defendants have failed to provide any authorities to support such an interpretation of EEOICPA.

Accordingly, the Court denies the motion to dismiss with respect to Johnson Controls, Inc.  The Court, however, grants the motion to dismiss with respect to Johnson Controls of Northern New Mexico, LLC, because there are no allegations that its allegedly wrongful conduct took place outside of its role as a subcontractor that provided services at the LANL.  The dismissal is without prejudice.

B.     <u>Motion for More Definite Statement</u>

Johnson argues that, to the extent the motion to dismiss is denied, the Court should still order a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  According to Johnson, Mr. Lemanski's SAC is "so vague or ambiguous that [Johnson] cannot reasonably prepare a response," Fed. R. Civ. P. 12(e), because it fails to specify (1) "what alleged product injured [Mr. Lemanski]" and (2) "who [*i.e.*, which Johnson entity] provided that product to LANL."  Mot. at 9.  In light of the Court's ruling above, "who" is no longer an issue; the only question is whether Mr. Lemanski should provide more specificity as to "what."

In response, Mr. Lemanski contends that any claim of vagueness has been waived by Johnson pursuant to Rule 12(g).  Rule 12(g) states in relevant part as follows: "[A] party that makes a motion under this rule [*i.e.*, Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g); *see also* 5C Wright & Miller, Fed. Prac. & Proc. Civ. 3d § 1386 ("The prohibition in Federal Rule 12(g) against successive motions expressly covers only motions under 'this rule,' which, of course, means motions authorized by Rule 12.").  Mr. Lemanski notes that the FAC which Johnson challenged via a Rule 12(b)(6) motion contained nearly identical language but Johnson

failed to include a request for a more definite statement as part of that earlier motion.[1] *See* Opp'n at 4.

In its reply brief, Johnson disputes that the FAC contained identical language. The Court agrees and finds there has been no waiver. Although both the FAC and SAC refer to instruments, and although there is similar language about the instruments in both complaints, there is significant difference in the discussion of instruments between the FAC and the SAC. As noted above, in the SAC, Mr. Lemanski refers specifically to instruments that were supplied by Johnson Controls, Inc., before and after the subcontracts at issue. The identity of these instruments supplied at various points in time have thus been accorded legal significance not evident in the FAC. In light of this difference, the Court cannot say that there has been a waiver for failure to bring this motion against the prior complaint.

Turning to the merits, the Court concludes that a more definite statement is appropriate. Given the specific allegation by Mr. Lemanski that Johnson Controls, Inc., supplied instruments both before and after the subcontracts at issue, he should provide Johnson with additional information about the instruments, the time frames the instruments were provided, the general type of instruments involved, and so forth. This will enable Johnson Controls, Inc. to frame a more specific answer, thus advancing the litigation.

The Court therefore orders Mr. Lemanski to file a more definite statement within twenty (20) days of the date of this order. Within forty (40) days of the date of this order, Johnson Controls, Inc. shall file an answer.

---

[1] Mr. Lemanski's position is supported both by legal treatises and case law. *See* 2-12 Moore's Fed. Prac. -- Civ. § 12.21 (noting that "Rule 12(g)'s consolidation requirement applies not only to Rule 12(b) defenses, but also to a motion for more definite statement under Rule 12(e) and to a motion to strike under Rule 12(f)"); *Teasdale v. Heck*, 499 F. Supp. 2d 967, 972 (S.D. Ohio 2007) (indicating that the filing of a motion to dismiss for failure to state a claim will generally waive the right to assert that a more definite statement is required); *Cima v. Wellpoint Healthcare Networks, Inc.*, No. 05-cv-4127-JPG, 2007 U.S. Dist. LEXIS 25771, at *10-11 (S.D. Ill. Apr. 6, 2007) (finding support for the position that Rule 12(g) applies to motions under Rule 12(e) and Rule 12(f)); *DiMaria v. Silvester*, 89 F. Supp. 2d 195, 196 n.5 (D. Conn. 1999) (concluding that Rule 12(e) motion was waived under Rule 12(g) "because the defendants failed to consolidate it with their previous Rule 12 motions to dismiss"); *Clark v. Associates Commercial Corp.*, 149 F.R.D. 629, 632 (D. Kan. 1993) (noting that "[t]here is nothing in the express language of Rule 12 that would exempt a Rule 12(e) motion for a more definite statement from the rule requiring consolidation of all Rule 12 defenses and objections").

C.  Motion to Transfer

Previously, Johnson filed a motion to transfer the instant case to the District of New Mexico, which the parties agreed could be deferred until after the Court decided the merits of Johnson's motion(s) to dismiss. The Court has now issued rulings on the motions herein which should frame the pleadings. It thus turns to the question of transfer. Mr. Lemanski has indicated in prior proceedings that he does not oppose the request for transfer to the District of New Mexico. In light of the parties' agreement, the Court hereby transfers the case to the District of New Mexico given the parties' stipulation and the fact that the locus of evidence is likely located there, the site where the alleged injury occurred. The transfer shall be effective within forty-five (45) days of the date of this order.

## II.  CONCLUSION

For the foregoing reasons, the motion to dismiss is granted in part and denied in part, and the motion for a more definite statement is granted. The Court instructs the Clerk of the Court to transfer the case to the District of New Mexico, with the transfer being effective forty-five (45) days of the date of this order.

This order disposes of Docket Nos. 34 and 45.

IT IS SO ORDERED.

Dated: August 22, 2008

EDWARD M. CHEN
United States Magistrate Judge